EX PARTE BERNARD LADON.

No. A-7212. Decided May 20, 1959.
Rehearing overruled July 8, 1959.
(325 S.W. 2d Series 121)

*Lang, Byrd, Cross, Laden & Oppenheimer* and *Neill Boldrick, Jr.,* for relator.

*G. Woodson Morris,* for respondent, Owen W. Kilday, Sheriff of Bexar County.

MR. JUSTICE NORVELL delivered the opinion of the Court.

This is a habeas corpus proceeding which involves the application of Rule 167, Texas Rules of Civil Procedure, relating to discovery and the production of documents.

The relator, Bernard Ladon, Esq., is the general trial attorney for the San Antonio Transit Company which operates an urban bus transportation system in the City of San Antonio. The company is defendant in Cause No. F-115-153 on the docket of the 73rd District Court of Bexar County, Texas, which is an action for damages brought by Andrea F. Perez, who alleged that on October 5, 1957 she was a passenger on one of the company's busses when the driver thereof negligently caused the conveyance to suddenly stop, throwing her to the floor and causing serious bodily injuries.

Andrea F. Perez filed a "motion for discovery" in said cause in which she alleged that the defendant was in possession of certain names which were voluntarily submitted to the defendant by certain witnesses to the accident upon which the suit was based. Her prayer was that the Court order the defendant to produce such names and permit her to inspect and copy the same.

Upon the hearing of this motion, the relator, Ladon, stipulated that he was "the agent, servant, employee, representative and one of the attorneys of record of the defendant, * * * and that as such he had in his personal possession the names of all voluntary witnesses that were obtained and procured by the driver of the bus immediately after the happening of the accident * * *."

The District Judge ordered Ladon to deliver to plaintiff or her attorney of record the names of all such witnesses, but he refused to do so. Whereupon, a hearing was held and Ladon was found guilty of contempt, fined $50.00 and remanded to the custody of the sheriff of Bexar County, Texas, until further order of the Court.

1 We granted a writ of habeas corpus and, after hearing argument and considering the briefs of the parties, have concluded that the relator should be discharged because Rule 167 does not support the order of the District Judge requiring Ladon to disclose to plaintiff the names of the voluntary witnesses obtained by the bus driver following the accident.

It seems that the United States courts have construed Federal Rule No. 34 [28 U.S.C.A.] relating to discovery as permitting the type of order which was here rendered by the District Judge. Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 394, 91 L. ed. 451; Atlantic Greyhound Corporation v. Lauritzen, 6th Cir., 182 Fed. 2d 540; Reynolds v. Boston & Maine Transportation Company, 98 N.H. 251, 98 Atl. 2d 157, 37 A.L.R. 2d 1149 and the accompanying A.L.R. Annotation, p. 1152, entitled "Names and addresses of witnesses to accident or incident as subject of pretrial discovery," in which note various state statutes and rules relating to the subject, as well as the Federal Rule, are discussed and references made to reported cases. However, the Texas Rule, while admittedly taken for the most part from the Federal Rule, contains an important exception which controls this case. Rule 167, as amended in 1957, reads as follows.

"Upon motion of any party showing good cause therefor and upon notice to all other parties, and subject to such limitations of the kind provided in Rule 186b as the court may impose, the court in which an action is pending may order any party to produce and permit the inspection and copying or photographing by or on behalf of the moving party, of any designated documents, papers (except written statements of witnesses), books, accounts, letters, photographs, objects or tangible things, not privileged, which constitute or contain evidence material to any matter involved in the action and which are in his possession, custody, or control; or order any party to permit entry upon designated land or other property in his possession or control for the purpose of inspecting, measuring, surveying or photographing the property or any designated object or operation thereon which may be material to any matter involved in the action. The order shall specify the time, place and manner of making the inspection, measurement or survey and taking the copies and photographs and may prescribe such terms and conditions as are just, *provided that the rights herein granted shall not extend to the written communications passing between agents or representatives or the employees of either party to the suit, or communications between any party and his agents, representatives, or their employees, where made subsequent to the occurrence or transaction upon which the suit is based, and made in connection with the prosecution, investigation or defense of such claim or the circumstances out of which same has arisen.*"

The italicized proviso immediately above set out has been a part of the Texas rule since its original adoption. Such word-

ing, however, does not appear in Federal Rule No. 34. See, 1 Vernon's (Franki's) Annotated Texas Rules p. 501.

The record shows that immediately after the accident, the driver of the bus secured the names of some or all of the passengers thereon. Such names were then turned over to the company's trial attorney in the form of a list or some species of memoranda. To say that the action of the bus driver and his subsequent communication with the company's attorney does not come within the above italicized proviso to the rule would be to disregard the plain wording of the exception.

2 In January of 1940, the Supreme Court appointed an Advisory Committee of judges and practicing attorneys to assist it in formulating and promulgating Rules of Civil Procedure in accordance with the provisions of House Bill No. 108, Chapter 25, p. 201 of the Acts of the 46th Legislature, Regular Session, Art. 1731a, Vernon's Ann. Texas Stats. This committee contributed invaluable services to the effort which culminated in the adoption of the 1941 Rules of Civil Procedure. With the adoption of such rules and in order to acquaint the practicing attorney with their operation, a subcommittee was formed which, for a number of years, rendered advisory opinions in response to questions propounded by members of the bar. Such opinions are in no sense binding upon the Supreme Court, but in 1946 the subcommittee considered essentially the same question as that now before us. In as much as we approve of the committee's opinion, we here set out such question and answer:

"QUESTION: Assuming that a passenger is injured on a common-carrier, and after the injury, but before the injured passenger leaves the conveyance, the conductor or person in charge of the conveyance secured the names of certain persons on the conveyance who witnessed the accident, can such injured passenger as plaintiff file a motion under Rule 167 and require the defendant carrier to disclose the names of such witnesses?

"ANSWER: In our opinion, the answer is No. The source of Rule 167 is Federal Rule 34, but the Federal Rule does not contain the proviso: '* * * provided that the rights herein granted shall not extend to the written communications passing between agents or representatives or the employees of either party to the suit, or communications between any party and his agents, representatives, or their employees, where made subsequent to the occurrence of transaction upon which the suit is based, and made in connection with the prosecution, investiga-

tion or defense of such claim or the circumstances out of which same has arisen.'

"In our opinion, the proviso above quoted prevents the plaintiff from securing such information under the Rule, and because of the proviso, the decisions under the Federal Rules contrary to this opinion would not be in point.

"In our opinion, the injury had occurred prior to the time the names of the witnesses were secured even though they were secured while th plaintiff was still a passenger." 9 Texas Bar Journal 319; 1 Vernon's (Franki's) Ann. Texas Rules, p. 511.

The Texas Rules of Civil Procedure were the result of numerous compromises between divergent and conflicting views. See, Advisory Committee's Letter of Transmittal, 1 Vernon's (Franki's) Ann. Texas Rules, p. xxxvi. The question here involves the application of Rule 167 as written and not the relative merits of the Federal Rule as opposed to the State rule. No argument however persuasive as to the superiority of the Federal practice from the standpoint of fairness and justice can justify our destruction of a plainly written proviso under the guise of judicial interpretation.

The relator is ordered discharged.

Opinion delivered May 20, 1959.

Rehearing overruled July 8, 1959.