P. H. SHIRLEY et ux., Appellants,

v.

Robert L. DALBY, Appellee.

The STATE of Texas, Appellant,

v.

Robert L. DALBY, Appellee.

Nos. 7600, 7601.

Court of Civil Appeals of Texas.

Texarkana.

Sept. 1, 1964.

Rehearing Denied Sept. 15, 1964.

On State's Second Motion for Rehearing Nov. 3, 1964.

Rehearing Denied Nov. 24, 1964.

J. R. Hubbard, William B. Roberts, Wheeler, Watkins, Hubbard & Patton, Texarkana, for P. H. Shirley and wife.

Waggonner Carr, Atty. Gen., T. B. Wright, David R. Thomas, Samuel D. McDaniel, Asst. Attys. Gen., Austin, for the State.

CHADICK, Chief Justice.

These are appeals from judgments in two separate mandamus actions in the same district court. The judgment in each case refusing the writ is affirmed.

Causes No. 7600 and No. 7601 followed a parallel course through the District Court and appear to have as a single purpose the procurement of a decision defining the scope and limits of the discovery procedure authorized by Rules 167 and 186a, Vernon's Rules of Civil Procedure. No order of consolidation was made in the trial court or here, the two cases in a general sense have been treated as one in both courts. P. H. Shirley and wife, Lelia Mae Shirley, are appellants in Case No. 7600 and the State of Texas is appellant in Case No. 7601.

A suit by the State against the Shirleys to invoke the State's eminent domain power and condemn 6.275 acres of land to be used for right-of-way purposes in the construction of Interstate Highway No. 30 was pending in the County Court of Bowie County when the Shirleys served the State with a list of interrogatories. The State replied by a motion to be relieved of answering them. A few days later the Shirleys caused an expert appraisal witness retained by the State to be served with a subpoena and subpoena duces tecum requiring him to appear for deposition and to bring with him certain material he had prepared for his and the State's use, including copies of all reports he had made to the State relative to the Shirley case. The State moved to quash such subpoenas.

Following a hearing the County Judge of Bowie County, Texas, entered the following order:

"Be it remembered that on the 22nd day of July, 1963, in the above entitled and numbered cause came on to be heard in open court the following motions:

"(A) Plaintiff's motion that Interrogatories to the State of Texas and Mr. T. B. Wright, Assistant Attorney General, be not answered, or alternatively that this Court rule on each interrogatory individually and make its

order that certain matters be not inquired into;

"(B) Defendants' motion for discovery and Plaintiff's motion that Defendants' Motion for Discovery be quashed;

"(C) Plaintiff's motion that the deposition of Wilson K. Bloodworth be not taken or alternatively that such deposition be limited in accord with Rule 186b, Texas Rules of Civil Procedure, and that the subpoena duces tecum commanding Wilson K. Bloodworth to produce certain items set out therein be quashed or alternatively that an appropriate order be issued in accord with Rule 186b as is necessary to protect the rights of Wilson K. Bloodworth and the State of Texas.

"And the Court having heard argument on said matters does hereby order;

"(A) that, the Plaintiff's motion that interrogatories be not answered be sustained to all Defendants' interrogatories both as originally submitted and as amended on hearing except in the following particulars:

"(1) The State's motion objecting to Interrogatory. No. 1 is sustained except as to the witness Wilson K. Bloodworth who testified at the Commissioners' Hearing in this condemnation proceeding.

"(2) The State's motion objecting to Interrogatory No. 9 is sustained except as to reports of the appraiser Wilson K. Bloodworth and the Court hereby will limit the production of any report by Mr. Bloodworth to the State to such reports as he may have submitted to the State at or prior to the date of the hearing before the special commissioners. The State's motion is sustained as to any report of Mr. Bloodworth since the date of the hearing before the special commissioners.

"(3) The State's motion objecting to Interrogatory No. 10 is sustained

except as to any charts, maps, photographs, plats or drawings or other graphic representations that may have been presented by the State's agent L. L. Jester, or the witness, Wilson K. Bloodworth at the hearing before the special commissioners. Interrogatory No. 11 will be answered in accord with the Court's ruling on No. 10.

"(4) The State's motion objecting to Interrogatories 14, 15 and 16 is hereby sustained except as to the testimony of the witness Wilson K. Bloodworth as to market value of the part taken or the affect of the taking on the value of the remainder given before the special commissioners at the hearing before such special commissioners.

"(5) The State's motion objecting to Interrogatory No. 18 is sustained except as to what the witness Wilson K. Bloodworth testified was the highest and best use of the Shirley land before the special commissioners.

"(B) that the Defendants' motion for discovery be overruled and that the State's motion to quash Defendants' said motion for discovery be sustained and same are hereby respectively overruled and sustained,

"(C) that;

"(1) the State's motion to quash the subpoena ordering Wilson K. Bloodworth to appear for deposition be overruled,

"(2) the deposition of Wilson K. Bloodworth be taken before this Court at a date in the future to be set by agreement of the parties hereto and this Court,

"(3) the subpoena duces tecum issued herein by Lucille Collins on the 2nd day of July, 1963, directed to Wilson K. Bloodworth be, and it is hereby, quashed except as to paragraphs (i), (j), and (k) which will

be allowed only insofar as they relate to materials presented at the special commissioners' hearing by the said Wilson K. Bloodworth."

The items (i), (j), and (k) referred to in the Order are set out in the subpoena duces tecum in the following language, to-wit:

"(i) All records and information reflecting any and all written reports or testimony made before or submitted to the Commissioners in this cause or the State of Texas.

"(j) All charts, maps, photographs, plats, drawings, or other graphic representations upon which he relied and used in arriving at his appraisal in this cause.

"(k) In the event all of the charts, maps, photographs, plats, drawings, or other graphic representations used by the appraiser in making his appraisal in this cause is not in his possession, he shall produce and bring with him all information that he has as to the name, address, telephone number, job title or capacity, and present whereabouts of the person or persons who have present custody of any such photographs or other representations."

Thereafter the State applied to the Judge of the Fifth District Court of Bowie County for leave to file a petition for writ of mandamus, and on the 12th day of November, 1963, the application was granted. Thereupon a petition was filed praying for a writ of mandamus ordering the County Judge to rescind his Order quoted above. Replying to the petition the Shirleys moved that the State's petition for the writ be denied. At the conclusion of a hearing in the District Court the trial judge entered an order refusing the writ and assessing the costs of the proceeding against the State. The State excepted to the judgment and has perfected an appeal. The Shirleys applied to the same District Judge for leave to file a petition for writ of mandamus and the application was granted on November 12,

1963, the same date the State's application was allowed. A petition was filed. At the conclusion of the hearing mentioned the Shirleys were refused a writ and costs in the case assessed against them. An appeal from this judgment has been perfected.

When normal procedures are inadequate to secure a relator in his rights, the relator may by writ of mandamus, require a public official or quasi-official to discharge a positive duty that affects his rights. See "Mandamus", in Texas Practice (Lowe & Archer), Sec. 471, p. 434. Also 55 C.J.S. Mandamus § 1, p. 15; and 37 Tex.Jur. (2) Sec. 3, p. 588. More to the point in this case is a statement found in Crane v. Tunks, 160 Tex. 182, 328 S.W.2d 434, saying:

"While it is the general rule that a mandamus will not issue to control the action of an inferior court or public officer in a matter involving discretion, the writ may issue in a proper case to correct a clear abuse of discretion. Southern Bag & Burlap Co. v. Boyd, supra [120 Tex. 418, 38 S.W.2d 565]; Womack v. Berry, 1956, 156 Tex. 44, 291 S.W.2d 677, 682(2, 3) and (4)."

Historically and in current usage mandamus is an extraordinary proceeding and the writ will not issue when the parties to the law suit have another remedy as complete and effective as the writ of mandamus since the writ is not designed to supplant general procedures governing the trial of lawsuits. Mandamus 37 Tex.Jur. (2) Sec. 12, p. 599 and cases listed under footnote 10. From a study of the Crane v. Tunks case and the other authorities indicated, it appears that the courts of Texas have reached a concensus that is applicable under the circumstances shown here. That is, if error is committed in granting or refusing a discovery order, the order will not be corrected or revised in a mandamus proceeding except in instances where (1) the order authorizes a search for evidence that intrudes into a non-relevant field of fact and constitutes (2) an invasion of private right

or privileges of (3) a nature or (4) in a manner that (5) prevents the wrong inflicted from being rectified by lawful means, (6) thereby leaving the injured without redress against an improper exercise of discretion.

There is no assertion here that the expert witness's material, work and opinion subjected to discovery by the order quoted is not relevant to the issues in the case on trial in the County Court. The State does assert that some part of it, or all, is privileged by the terms of Rule 186a. (The expert witness is not a party and makes no claim in his own behalf that his personal rights are violated). Perhaps the order requiring the witness to divulge the material or his opinion of value prior to a trial of the merits will expose him to a more searching cross-examination or impeachment than would be the case if pre-trial discovery was not allowed. Objection to improper evidence can be made at the time it is offered at the trial. Likewise, the information the witness is required to reveal in the discovery order could be elicited on cross-examination in a trial on the merits. Error in authorizing discovery in the limited area permitted by the order can have no more serious consequence than error in permitting interrogation of a witness to develop inadmissible testimony, which is customarily dealt with by appeal. Any injury the State may suffer by reason of the discovery order may be completely and effectively rectified by an appropriate appeal from a final judgment in the County Court case. The State's points of error are overruled.

The Shirleys based their appeal on the District Court's refusal to order the County Court to grant them discovery privileges in excess of the grant in the order quoted. The most persuasive basis asserted to show error is the claim that the mandamus is more expeditious than an appeal would be in making appropriate evidence available should the trial judge err in excluding relevant examination of the witnesses. It seems inevitable that if mandamus should be approved for use in cases of this kind the result would be delay and a multiplicity of suits and appeals. Each party could seek discovery; if not granted to their satisfaction each could then become a relator in petitions for mandamus. The central litigation would languish while a series of mandamus actions were prosecuted. This case is illustrative. The reasons that required the State's points of error to be overruled have equal application here. The Shirley's points are overruled.

What has been said should not be understood as giving a judge carte blanche in administering the discovery rules. The judge has a duty to give careful consideration to his discovery orders and the effect thereof upon the rights and privileges of the parties involved. When granted proper safeguards against unlawful incursions upon the rights of others should be a part of the order. See Commentary, under Rule 167 appearing in the first volume of Vernon's Annotated Texas Rules, pps. 501–512.

The District Court judgment in each case is affirmed.

## STATE'S SECOND MOTION FOR REHEARING.

The State's second motion for rehearing, as did its first, accentuates the State's basic thesis that the County Judge's discovery order gave the landowner access to legally relevant evidentiary material that is excepted from the discovery process altogether by the terms of 167 and 186a, V.A.T.R., and for that reason is beyond the reach of discovery procedures. The State vigorously re-asserts that mandamus is appropriate in this instance to protect the State from the County Judge's misuse of the discovery power. Having concluded that the State's position is correct in certain particulars, the opinion written on the State's first motion for rehearing is withdrawn and the following is substituted for it.

The nature of the evidentiary matter made the subject of discovery by the County Judge's order quoted in the original opinion

is, stated in brief, a report made to the State by its appraisal witness Bloodworth prior to the hearing theretofore held before commissioners in the initial steps of the condemnation proceedings, written reports and testimony submitted to such commissioners, and charts, maps, etc., used by the witness in making his appraisal, if in his possession, and if not the name, etc., of persons having the material in custody; and additionally involved is the action of the County Judge upholding the subpoena ordering Bloodworth to appear for deposition in the County Court at a time to be agreed upon by the parties. The State's two motions for rehearing have sifted out all of this subject matter except "such reports as he [witness Bloodworth] may have submitted to the State at or prior to the date of the hearing before special commissioners". The question decided here is limited accordingly.

The State's verified petition for writ of mandamus plead that November 1, 1959, the State Highway Department determined it was necessary to take 6.275 acres out of a larger tract of land belonging to respondents Shirley and wife for Interstate Highway No. 30 right-of-way purposes; that thereafter the witness Bloodworth was employed to conduct an investigation of the Shirley land and the market for real estate in its vicinity, and that the witness did so and prepared and furnished to the State a written appraisal report in which he expressed his opinion of the value of the Shirley land being appropriated and his opinion concerning damages to residue. The respondent County Judge did not answer; but the Shirleys, pleading they were the real parties in interest, filed an unverified pleading labeled "Motion to Deny Writ of Mandamus". Apropos the Bloodworth appraisal report the Shirley's motion said: "That the Honorable Robert L. Dalby did not err in ordering the production of all reports made to the State by Wilson K. Bloodworth prior to the hearing before special commissioners * * *".

The quoted portion of the Shirley's answer is in the nature of confession and avoidance of the facts alleged. It does not deny the facts plead by the State, it merely asserts that the County Judge did not err in making the order. The motion created no fact issue for the District Judge to resolve. The State's allegations of fact in this particular must be taken as true. Sansom, Mayor, etc. v. Mercer, 68 Tex. 488, 5 S.W. 62; McKenzie v. Commissioner of General Land Office, 88 Tex. 669, 32 S.W. 1038; Town of Pearsall v. Woolls, Tex.Civ.App., 50 S.W. 959, no writ. If the facts pled support such action the State is entitled to an award of the writ. Burrell v. Blanchard, Tex.Civ.App., 51 S.W. 46, no writ; Singleton v. Austin, 27 Tex.Civ.App. 88, 65 S.W. 686, no writ; Sansom, Mayor, etc. v. Mercer, supra; Marr v. Reynolds, Tex.Civ. App., 151 S.W.2d 263, writ dism'd, judg. cor.; City of Houston v. Freedman, Tex. Civ.App., 293 S.W.2d 515, writ ref., n. r. e.

Originally this court was of the opinion that mandamus was not available to the State to countermand the County Court order requiring the State to produce the Bloodworth report, even though it be assumed the report was immune from discovery, because evidence contained in the report could be challenged when offered in the trial on the merits, and if admitted over objection the error could be reviewed on appeal. The State concedes that a ruling admitting evidence so discovered could be corrected by appeal, but hastens to point out that an appeal would not guard against or be adequate to prevent the Shirleys from using the content of the report to find other evidence that may exist or be secured elsewhere. In other words, the State insists that what the Shirleys might prove by admissible evidence found in the report is one thing, and what evidence they might find elsewhere as a result of examining the report is quite another.

No statement of facts reflecting the evidence offered, if any, in the District Court has been filed. The record in this court does not show that either the County Judge or District Judge examined the Bloodworth report. All that is made known by the rec-

ord about the contents of the report is to be found in the facts plead by the State. The State petition alleges that the report contains the witness's opinion of the value of the land appropriated by the State and his "opinion concerning damages" to the residue of the Shirley tract. This information is too vague to support a finding, in the words of Rule 186a, that the report " * * * appears reasonably calculated to relate to the discovery of admissible evidence * * * ". Originally this court was of the opinion that the matter ended at this point, and that the State had an adequate remedy equally as convenient, beneficial and effective as mandamus. See footnote 2.

■ The State made a determination that it was necessary to acquire 6.275 acres of the Shirley's land on or about November 1, 1959, and subsequently employed the witness Bloodworth to investigate land values in the area round about; this he did, and made a written report of his findings to the State. His report is immune[1] to discovery by reason of one or more of the provisions of the rules now to be discussed. Rule 167 provides for discovery and production of documents, etc., and authorizes a discovery order upon a showing of good cause therefor. Listed in the Rule are, " * * * documents, papers (except written statements of witnesses), books * * * "; also in the last proviso of the rule is this language, to-wit: " * * * rights herein granted shall not extend to the written communications passing between agents or representatives or the employees of either party to the

suit, or communications between any party and his agents, representatives, or their employees, where made subsequent to the occurrence or transaction upon which the suit is based, and made in connection with the prosecution, investigation or defense of such claim or the circumstances out of which same has arisen. * * * " Rule 186a dealing with the scope of examination permitted in discovery procedures contains this proviso: " * * * the rights herein granted shall not require the production of written statements of witnesses or extend to communications passing between agents or representatives or the employees of either party to the suit, or communications between any party and his agents, representatives, or their employees, where made subsequent to the occurrence or transaction upon which the suit is based, and made in connection with the prosecution, investigation, or defense of such claim, or the circumstance out of which same has arisen; and provided further, that the rights herein granted shall not require disclosure of information obtained in the course of an investigation of a claim or defense by a person employed to make such investigation. * * * "

■ With reluctance rooted in doubt[2] the conclusion has been reached that the Bloodworth report is absolutely immune from discovery. The County Judge was not vested with discretion, he could not grant discovery, lawfully he could only refuse it. The immunity is conferred upon the report by the Rules mentioned and is a right that the Judge is powerless to over-

1. This term is used to avoid intermingling those matters excluded by Rule 167 and 186a with the common law concept of "privileged" communications; although the use of "privileged by Rule 167 and 186a" would be accurate and its meaning clear.

2. The foregoing analysis establishes that the State is not being required to disclose any information that would invade any sphere of State interest or be harmful to it except possibly in the defense of the condemnation suit pending in the

County Court. Production of the report, if erroneous, may be redressed and rectified by appeal; therefore, the State has an adequate remedy that is equally as 'convenient, beneficial, and effective as mandamus'. See Arkansas Motor Coaches, Ltd. v. Taylor, 234 Ark. 803, 354 S.W.2d 731, 95 A.L.R.2d 1227, and annotations on the subject of availability of mandamus or prohibition to compel or to prevent discovery proceeding in 95 A.L.R.2d 1229 et seq. Additionally, this decision leaves the gate open to a flock of ancillary suits.

ride in this case; and his order doing so is a nullity. See Ex parte Ladon, 160 Tex. 7, 325 S.W.2d 121. Federal Practice and Procedure (Barron & Holtzoff) Rules Edition, Sec. 652.5, contains an enlightening discussion of the subject "Discovery of the Conclusions of an Expert". This respected work says that the Federal Courts are in conflict on the question, but that a majority hold expert opinions beyond the reach of the discovery process under the Federal Rules. On comparison of the State and Federal Rules no language of an exclusionary effect comparable to that heretofore quoted in connection with Rules 167 and 186a is found in a similar context in the Federal Rules. The Texas Rules conferring power upon courts to order discovery, clearly intend to except from the power granted any authority to order production of such writings as the Bloodworth report.

The Supreme Court of Texas in Crane v. Tunks, 160 Tex. 182, 328 S.W. 2d 434, at Syllabi 5, and Neville v. Brewster, 163 Tex. 155, 352 S.W.2d 449, Syllabi 4, 5, and 6 seems to imply that a less difficult question would be presented in each of those cases if the subject matter of the proceedings were "privileged" by Rules 167 or 186a. In turn this suggests that the Supreme Court regards mandamus as a proper remedy to supply relief from an order, as in this instance, allowing discovery of an expert's report. The only apparent alternative to mandamus that would preserve immunity in this case would be a procedure similar to that followed in Ex parte Ladon, supra; that procedure cannot be considered as being equally as convenient, beneficial and effective as mandamus because the State's counsel would be required to jeopardize his freedom by disobedience of the trial court as a prerequisite to review.

The appellants' motion for rehearing in No. 7600 was overruled on September 15, 1964; the State's second motion for rehearing in 7601 is granted, and the judgment of the trial court is reversed and remanded in one particular only, that is, in denying the writ of mandamus, prayed for by the State, directing the County Judge to rescind the County Court order requiring the State to produce the Bloodworth report for inspection and copying by the Shirley respondents; the District Court is ordered to enter a judgment consistent with this decision; the judgment of the trial court is otherwise affirmed.