**Ex parte Frank HANLON.**

**No. A–11353.**

Supreme Court of Texas.

June 29, 1966.

Brown, Sparks & Erwin, Will G. Barber, Austin, for petitioner.

Byrd, Davis & Eisenberg, Austin, for respondent.

NORVELL, Justice.

Frank Hanlon filed an application for writ of habeas corpus in this Court contending that an order of commitment issued by the District Court of Travis County was invalid because the District Court was without authority to issue the order which he was charged with violating. We granted the writ and set down the case for hearing.

It appears that on December 10, 1965, Moses Byrd filed a petition to perpetuate testimony. Rule 187, Texas Rules of Civil

Procedure. He alleged that he anticipated instituting an action against Jane Doe, whose true name was unknown to him; that such anticipated action concerned an automobile collision which occurred on U. S. Highway 290 near Manor, Texas, at approximately 7:00 p. m. on the evening of May 24, 1965; that he had reason to believe that Jane Doe was the driver of an automobile which may have been the proximate cause of such collision and the resulting injuries which he, Byrd, sustained and that the exact name, address and present whereabouts of Jane Doe were unknown to him, even after exhaustive investigation. Byrd further averred that he wished to perpetuate the testimony of Frank Hanlon (the relator here) and that said Hanlon would be examined "concerning the exact name, address, present whereabouts and other matters leading to the discovery of the exact name, address and present whereabouts of Jane Doe, which information is necessary for (Byrd) to prepare and prosecute his claim against Jane Doe". To this end, Byrd requested the court to enter an order authorizing him to take the oral deposition of Frank Hanlon. Byrd also requested the issuance of a subpoena duces tecum directing Frank Hanlon to bring with him such papers and records as will be needed by him in furnishing the information sought by Byrd as petitioner. The Court directed that the deposition be taken and thereafter specifically ordered Hanlon "to answer questions with respect to the exact name, address and present whereabouts of Jane Doe * * *." Upon the advice of counsel, Hanlon refused to make answer, whereupon the Court found him in contempt and ordered the Sheriff of Travis County to take him into custody and "restrain him of his liberty until further orders of the court or until he be discharged therefrom according to law."

It is Hanlon's position that he may not be forced to answer questions as to the exact name, address, and exact whereabouts of Jane Doe because he is claim manager and investigator for Millers Mutual Fire Insurance Company of Texas, the insurance carrier for T. E. Lender, who was the driver of one of the automobiles figuring in the Highway 290 collision, and it was through his investigation of such collision that he ascertained the identity and location of the driver (Jane Doe) of the third vehicle at the scene of the accident. Hanlon says that he communicated this information to Millers Mutual and although he does not now remember the name of Jane Doe, he has a written record thereof in his investigation file. Relator asserts that the District Judge's order of contempt and commitment is void because it is in the teeth of a proviso contained in Rule 186a and therefore subject to attack by habeas corpus. The rule provides that:

"Any party may take the testimony of any person, including a party, by deposition upon oral examination or written interrogatories for the purpose of discovery or for use as evidence in the action or for both purposes. * * * Provided, however, that the rights herein granted shall not require the production of written statements of witnesses or extend to communications passing between agents or representatives or the employees of either party to the suit, or communications between any party and his agents, representatives, or their employees, where made subsequent to the occurrence or transaction upon which the suit is based, and made in connection with the prosecution, investigation, or defense of such claim, or the circumstance out of which same has arisen; and provided further, *that the rights herein granted shall not require disclosure of information obtained in the course of an investigation of a claim or defense by a person employed to make such investigation.*"

■ In support of the validity of the order, Byrd asserts a number of contentions. He urges that in essence, the proceeding which he instituted is an equitable bill of discovery under Rule 737. Obviously,

discovery is one of the purposes of the deposition sought to be taken, but the proceedings come squarely within the provisions of Rule 187 relating to the taking of depositions to perpetuate testimony. In paragraph 4 of Rule 187, it is provided that, "The deposition rules not inconsistent with this rule shall apply to the *taking,* signing, returning, objections to, and use of such depositions." We think it quite clear that the provisos set forth in Rule 186a have application to depositions taken under Rule 187.

 Byrd also argues that the Rule 186a provisos have no application to the present situation because T. E. Lender, whose automobile insurance is carried by Millers Mutual Fire Insurance Company is not a party to the proceedings. The first proviso mentions parties—i. e., communications between agents or representatives of parties, and communications between parties and their agents and representatives. However, the second proviso (which we have italicized) does not mention parties and obviously was intended to extend the scope of the exception beyond that set forth in the first proviso. It simply provides that the rights "herein granted (to take a deposition) shall not require disclosure of information obtained in the course of an investigation of a claim or defense by a person employed to make such investigation". This language clearly applies to Hanlon who was employed to make an investigation of the collision. It may be further said that the effect of adopting this construction would be to effectively destroy the provisos of Rule 186a. It would only be necessary to proceed under Rule 187 where the only person who could be properly designated as a "party" would be the one petitioning for a commission to take a deposition to perpetuate testimony.

 Byrd further earnestly contends that the situation disclosed by the present record constitutes an exception to the provisos of Rule 186a. It is said that in issuing the order directing Hanlon "to

answer questions with respect to the exact name, address, and present whereabouts of Jane Doe", the trial judge was exercising a discretion lawfully vested in him; that the scope of the order and its supporting motion (referred to in the order) is extremely narrow and has for its only purpose the ascertaining of the name, address and present whereabouts of Jane Doe, allegedly a person against whom Byrd has or may have a cause of action; that the purpose of the provisos contained in Rule 186a is to protect the work product of a litigant or prospective litigant; that the enforcement of the provisos must to some extent operate to shut out the truth; and that in the unusual factual situation disclosed by the present record, an examination of policy considerations is called for. It is pointed out that when the identity of a proposed defendant who may have done serious injury to a prospective plaintiff is at issue, the policy consideration of preserving a work product is little served while an important and vital policy of vindicating justice is jeopardized. In this connection, it is stated that after thorough investigation, Byrd and his attorneys have been unable to ascertain the identity of Jane Doe as far as they know, Hanlon is the only person who does know her identity.

While we recognize the force of Byrd's argument, there is much to be said for the enforcement of statutes and rules in accordance with their literal wording. Admittedly, the facts of the present case are highly unusual and we have been unable to find any controlling or persuasive authority relating to the situation. The provisos in Rule 186a seem to be peculiar to the Texas practice. Cf. Ex Parte Ladon, 160 Tex. 7, 325 S.W.2d 121 (1959) relating to Rule 167. It could well be that the giving of the information requested of Hanlon should not as a matter of abstract justice be frustrated by operation of the provisions of Rule 186a, but the wording of the pertinent provisions leaves little or no room for the exercise of discretion by a trial judge Shirley v. Dalby, 384 S.W.2d 362 (Tex.

Civ.App.1964, ref. n. r. e.), and the fact remains that the wording of the provisos is unambiguous and covers the exact situation we have before us since it appears that Hanlon obtained information as to the name, address and whereabouts of Jane Doe in the course of an investigation of a claim or defense relating to the automobile collision.

It is ordered that the relator, Hanlon, be discharged.

## DISSENTING OPINION

SMITH, Justice.

I respectfully dissent. I cannot agree with relator's theory that any information which is obtained during the course of an investigation is forever privileged and immune from discovery. According to relator's theory, regardless of what actions Moses Byrd takes against Lender, he would never be able to ascertain the real name of Jane Doe. The counsel for petitioner also represent Lender. One of the attorneys for Hanlon made a statement to the trial judge that "[i]f Mr. Lender is not to be a party, and if counsel is willing to furnish a release as to Mr. Lender I think we can finish our controversy pretty promptly." Counsel for Moses Byrd addressed the Court, in reply, that " * * * without knowing all of the facts I can not state either that we will or we will not present a claim against Mr. Lender. I am trying to find out what happened out there and once I find out what happened then a decision will be made as to whether we will or will not proceed in a separate suit against Mr. Lender. I do know on the basis of what information I have that we very well may have a cause of action against Jane Doe, if we can *just find out who Jane Doe is, and that is all that I am interested in doing here."*

Thus, we have what I consider an admission that if Lender can be released, then the real name of Jane Doe will be forthcoming Under the circumstances, no conscientious lawyer would bind himself to release Lender. How can withholding Jane Doe's real identity aid Lender? Moses Byrd contends, and correctly so, that the situation disclosed by the present record constitutes an exception to the provisos of Rule 186a. I take the position that Moses Byrd proceeded in good faith when he moved the Court to be permitted to take the deposition of Hanlon. The trial court has adjudged the petitioner in contempt. This Court must assume in support of the trial judge's order that he found that the motion to take the deposition of Hanlon was filed in good faith and that in order to prevent a possible miscarriage of justice it was essential that Hanlon make known the identity of the prospective defendant, Jane Doe. The doctrine or principle relied upon by Byrd is highly important to any scheme of administering justice. In the recent case of Lehnhard v. Moore, 401 S.W.2d 232 (Tex.Sup.1966), this Court considered the policy of disclosure of facts in a somewhat different context from that presented here and quoted with approval the following from Dean Wigmore's work on Evidence, viz:

"[N]o man is to be denied the enforcement of his rights merely because another possesses the facts without which the right cannot be ascertained and enforced." 8 Wigmore, (3rd Ed.) § 2213.

Admittedly, the facts of the present case are highly unusual, and I have been unable to find any controlling or persuasive authority relating to the situation. The provisos in Rule 186a seem to be peculiar to the Texas practice. Cf. Ex Parte Ladon, 160 Tex. 7, 325 S.W.2d 121 (1959) relating to Rule 167. Ordinarily, the provisos of Rule 186a leave no room for the exercise of a discretion of a trial judge. Shirley v. Dalby, 384 S.W.2d 362 (Tex.Civ.App.1964, ref. n. r. e.). However, this Court should hold that such provisos, having for their obvious purpose the protection of a work product, were never intended to protect a witness from giving the name of a prospective defendant, where a trial judge finds that a prospective plaintiff after a good

faith investigation has been unable to ascertain the name of a prospective defendant and knows of no one except the witness who is possessed of such information.

It is clear that this is not a case where one party is attempting to usurp the results of an investigation of another. Moses Byrd is not attempting to obtain the names of another party's witnesses. It is a case in which the trial court has found that under the unusual circumstances presented here, Moses Byrd is entitled to the limited information which he seeks.

The trial court had jurisdiction of the subject matter. The judgment entered is not void. This Court has strictly construed the rule to the extent of holding that the pertinent provisions leave *"little* or no room" for the exercise of discretion by a trial judge and that the "wording of the provisos is unambiguous and covers the exact situation we have before us. * * *" I cannot agree with this unfair, unjust and untenable construction of the rule.

Furthermore, the trial court's order was entered by virtue of that power ancillary to the exercise of the duties of a court of equity as a means for the attainment of justice. The trial court's judgment is not only authorized by Rule 186a, but is also authorized by Rule 737. This latter rule contains no restrictive provisions except the discretion of the trial court "in accordance with the usages of courts of equity." See Hastings Oil Co. v. Texas Company, 149 Tex. 416, 234 S.W.2d 389 (1950).

The relator has advanced no equitable reason or justification for the withholding from Moses Byrd, an injured party, the true name of Jane Doe, which, if known, would afford Moses Byrd an opportunity

to enforce his rights. See Lehnhard v. Moore, supra. If the rules of our Court are to be so strictly construed, as here, then our adversary system cannot long survive. The holding of this Court in the present case fosters and encourages the suppression of truth and denies an injured person, Moses Byrd, the opportunity to pursue his legal rights in a court of law. If this is to be the result, then the Court should modify the rule by Court decision in this very case rather than to await the approval of an advisory committee before formally changing the rule by the Court.

Unless prompt action to change the rule is taken it is entirely possible that Moses Byrd's cause of action against Jane Doe will be barred by limitation. To avoid confusion and to permit justice to prevail, this Court should construe the statute to mean that it was never intended to protect a witness from giving the name of a prospective defendant. If this course were followed, then there need be no change in the rule. Since the Court has declined to accept my view, it should seriously consider immediately changing the rule to reach the result herein expressed.

I would remand the relator, Hanlon, to the custody of the Sheriff of Travis County, Texas.

DISSENTING OPINION

STEAKLEY, Justice.

I would uphold the order of the district court. I would not construe Rule 186a as prohibiting discovery of the identity of a prospective defendant known to a witness where the trial judge has found that the prospective plaintiff has been unable to ascertain the identity of the party after a good faith investigation.