**The STATE of Texas, Relator,**

v.

**Clyde R. ASHWORTH et al., Respondents.**

No. B–3069.

Supreme Court of Texas.

July 12, 1972.

Rehearing Denied Oct. 4, 1972.

———◆———

Crawford Martin, Atty. Gen., Dudley Fowler and Dean Arrington, Asst. Attys. Gen., Austin, for relator.

Simon & Simon, Harold D. Hammett, Fort Worth, for respondent.

DENTON, Justice.

In this original proceeding, The State of Texas, Relator, seeks a writ of mandamus to direct Honorable Clyde R. Ashworth, Judge of the 67th District Court of Tarrant County, Texas, to vacate an order of that court whereby relator was ordered to produce its written appraisal reports in a discovery proceeding in an eminent domain case.

There is now pending in the 67th District Court of Tarrant County, a suit in the nature of eminent domain to condemn 3.-985 acres of land out of a larger tract owned by Dr. L. H. Luck and wife, Louise E. Luck, parties hereto. The State of Texas determined in March 1967 that it was necessary to acquire this portion of the Luck property for right-of-way for Interstate Highway 35 W. in Tarrant County. Thereafter relator employed certain appraisers to determine land values in the area, and to prepare and submit to relator written reports setting out their opinion as to the market value of the Luck property being taken, and damages, if any, to the Lucks' remaining lands. In accordance with this arrangement, appraisers Ross E. Jones and Billy Bob Corbett conducted separate investigations and submitted their written appraisal reports to relator. Negotiations with the Lucks were unsuccessful and condemnation proceedings were initiated against the Lucks in the County Court at Law of Tarrant County, on May 8, 1970. Following a hearing before Special Commissioners on May 28, 1970, the Commissioners' award was filed the same day. The Lucks timely filed their objection to such award.

While jurisdiction of eminent domain cases in Tarrant County was in the County Court at Law, the Lucks sought through written interrogatories to discover the written appraisal reports of relator's appraisal witnesses. The judge of that court sustained the relator's motion to quash the interrogatories and denied Lucks' Motion

for Production of Documents for Inspection and Copying. By Art. 1970–62.1, Vernon's Ann.Civ.St., the Legislature transferred eminent domain cases in Tarrant County to the District Court effective March 18, 1971. The present case was subsequently assigned to the 67th District Court. Thereafter the Lucks filed their second motion for Order to Produce Documents for Inspection and Copying under Rule 167, Texas Rules of Civil Procedure, in the District Court. Upon the hearing of this motion, the district judge ordered relator to produce and permit the Lucks to inspect and copy each written appraisal report obtained by the relator prior to the date of the hearing before the Special Commissioners. Relator's motion to vacate and set aside this order was overruled after hearing.

It is respondents' position that the written appraisal reports are not immune from discovery at trial, therefore, they are subject to pre-trial discovery. In support of this contention, respondents rely upon Biggers v. State, 358 S.W.2d 188 (Tex.Civ. App., writ ref. n. r. e.) 360 S.W.2d 516 (Tex.1962), City of Austin v. Capitol Livestock Auction Co., 434 S.W.2d 423 (Tex. Civ.App.), modified on other grounds, 453 S.W.2d 461 (Tex.1970), and the recent case, Boyles v. Houston Lighting & Power Co., 464 S.W.2d 359 (Tex.1971). Respondents further urge that independent real estate appraisers are not "witnesses" or "agents, representatives, or employees" whose "written communication" are not subject to discovery under Rule 167. On the other hand, relator asserts that the district judge's discovery order is void because it is in direct violation of the mandatory language of the prohibitory provision of Rule 167. The material provision of the rule provides that:

"Upon motion of any party showing good cause therefor and upon notice to all other parties, and subject to such limitations of the kind provided in Rule 186b as the court may impose, the court in which an action is pending may order any party to produce and permit the inspection and copying or photographing by or on behalf of the moving party, of any designated documents, papers (except written statements of witnesses), books, accounts, letters, photographs, objects or tangible things, not privileged, which constitute or contain evidence material to any matter involved in the action and which are in his possession, custody, or control; or order any party to permit entry upon designated land or other property in his possession or control for the purpose of inspecting, measuring, surveying or photographing the property or any designated object or operation thereon which may be material to any matter involved in the action . . . provided that the rights herein granted shall not extend to the written communications passing between agents or representatives or the employees of either party to the suit, or communications between any party and his agents, representatives, or their employees, where made subsequent to the occurrence or transaction upon which the suit is based, and made in connection with the prosecution, investigation or defense of such claim or the circumstances out of which same has arisen, . . ."

Boyles v. Houston Lighting and Power Co. (supra), Biggers v. State (supra) and City of Austin v. Capitol Livestock Auction Co. (supra) do not support respondents' position that appraisal reports are discoverable. These cases do not deal with discovery. In *Boyles* this Court again reaffirmed the narrow rule in *Biggers*, "that a party to an eminent domain proceeding may upon tender of the proper fee compel an expert appraiser originally engaged by the adverse party to testify as to his value opinions, and that the evidence is not inadmissible on any theory of privilege or work product." We do not agree that the holding in *Boyles* logically extended the rule of *Biggers* so as to hold that since a party has the right to compel an expert appraiser, originally engaged by the adverse party, to testify as to his value opinions, the writ-

ten appraisal reports are subject to pre-trial discovery. Respondents reason that if adverse appraiser's expert opinions are not privileged at trial, and do not constitute a work product at trial, the appraiser's written reports are not privileged as a work product before trial; thus are subject to discovery. We do not agree. While we recognize the apparent logic of respondents' argument that if an appraiser's opinions are not privileged at trial, then such opinions in the form of the written report should not logically be exempt from discovery before trial; we must decide the question in accordance with the provisions of Rules 167 and 186a. In interpreting Rule 186a in a habeas corpus proceeding, this Court in Ex Parte Hanlon, 406 S.W. 2d 204 (Tex.1966) observed:

". . . The provisos in Rule 186a seem to be peculiar to the Texas practice. Cf. Ex Parte Ladon, 160 Tex. 7, 325 S.W.2d 121 (1959) relating to Rule 167. It could well be that the giving of the information requested of Hanlon should not as a matter of abstract justice be frustrated by operation of the provisions of Rule 186a, but the wording of the pertinent provisions leaves little or no room for the exercise of discretion by a trial judge. . . ."

The written appraisal reports are not subject to discovery under the clear language of Rule 167. These reports constitute written communications between a party and its agents or representatives made subsequent to the transaction upon which the suit is based, and made in connection with the prosecution and investigation of the condemnation proceeding. Shirley v. Dalby, 384 S.W.2d 362 (Tex. Civ.App., writ ref. n. r. e.); Hodges v. State, 403 S.W.2d 207 (Tex.Civ.App., writ ref. n. r. e.)

Writ of mandamus will issue in the event the trial court's order directing relator to produce the written appraisal reports is not set aside.