THE STATE OF TEXAS EX REL JOHN R. SHOOK, CRIMINAL
DISTRICT ATTORNEY, V. ALL TEXAS RACING
ASSOCIATION ET AL.

No. 6968.   Decided October 28, 1936.
Rehearing overruled January 6, 1937.
(97 S. W., 2d Series, 669; 100 S. W., 2d Series, 348.)

*John R. Shook,* Criminal District Attorney of Bexar County, and *W. C. Linden, Sr.,* Assistant District Attorney, both of San Antonio, for plaintiff in error.

*Conger, Low & Spears,* of San Antonio, and *Black and Graves,* of Austin, for defendants in error.

*Irving L. Goldberg* and *Martin B. Winfrey,* of Dallas, *William McCraw,* Attorney General, *Vernon Coe,* Assistant Attorney General, *Jesse E. Martin* and *Arthur Lee Moore,* both of Fort Worth, and *R. Tuck Chapin,* of San Antonio, all filed briefs as amicus curiae.

MR. JUDGE GERMAN delivered the opinion for the court.

This suit was instituted in the District Court of Bexar County by John R. Shook, Criminal District Attorney of Bexar County, against All Texas Racing Association, a corporation, and others, as defendants. The purpose of the suit was to obtain an injunction to restrain and enjoin the defendants from operating a pari mutuel system of betting on the result of dog races run on certain premises in Bexar County. The premises upon which it was alleged that the race course was maintained were located upon a tract of land at the corner of New Seguin Highway and the W. W. White Road in Precinct No. 3 of Bexar County. The suit was instituted under and by virtue of Articles 4664-4666 of the Revised Statutes of 1925, defining a common nuisance and providing that same may be enjoined and abated in an action brought for that purpose by the district or county attorney of the county in which the nuisance is maintained, and under Article 4667, which provides for an injunction in certain instances. The trial court granted a temporary injunction. The Court of Civil Appeals reversed the holding of the trial court, dissolved the injunction and remanded the cause. 82 S. W. (2d) 151.

Article 4664, which defines a common nuisance, is as follows:

"Any hotel, rooming house or boarding house, country club, garage, rent car stand or other place to which the public commonly resort for board or lodging or commonly congregate for business or pleasure, where intoxicating liquors are kept, possessed, sold, manufactured, bartered or given away, or to which persons resort in assembling of two or more persons to the room for the purpose of drinking intoxicating liquor, or where intoxicating liquors are furnished to minors or to students of any educational institution, or where persons resort for the purpose of gambling, or for the purpose of prostitution, is hereby declared to be a common nuisance. Any person who knowingly maintains or assists in maintaining such a place is guilty of maintaining a nuisance."

■ It is obvious from a careful reading of this article that the place sought to be declared a nuisance because of the operation

of the race course, even if it be conceded that the conducting of same constitutes gambling, is not such place as is designated by the statute. It will be noted that the statute does not declare that *any place* "where persons resort for the purpose of gambling" is a nuisance. It is only any "hotel, rooming house or boarding house, country club, garage, rent car stand or other place to which the public commonly resort for board or lodging or commonly congregate for business or pleasure" which becomes a public nuisance when persons resort thereto for the purpose of gambling. The premises sought to be declared a nuisance in this instance are not within the provisions of this article. It follows, therefore, that as no nuisance exists by virtue of this statute, the district attorney has no authority under Article 4666 to maintain an action for an injunction to abate or enjoin the same.

■ While the case is not briefed upon the theory that the district attorney was entitled to an injunction under Article 4667, yet the pleadings refer to that article and we have carefully considered the question of whether or not the proceeding was authorized under that article. The pertinent portions are as follows:

"The habitual use, actual, threatened or contemplated, of any premises, place or building or part thereof, for any of the following uses shall be enjoined at the suit of either the State or any citizen thereof:

"1. For gaming or keeping or exhibiting games prohibited by law."

We do not find any provision in the Penal Code defining gaming which can be construed to include dog racing or betting on dog races. It is not a game prohibited by law.

The district attorney alleged, and it is strenuously contended, that the defendants were guilty of violating Article 625 of the Penal Code. That article is as follows:

"If any person shall keep, or be in any manner interested in keeping any premises, building, room or place for the purpose of being used as a place to bet or wager, or to gamble with cards, dice or dominoes, or to keep or to exhibit for the purpose of gaming, any bank, table, alley, machine, wheel or device whatsoever, or as a place where people resort to gamble, bet or wager upon anything whatever, he shall be confined in the penitentiary not less than two nor more than four years, regardless of whether any of the above mentioned games, tables, banks, alleys, machines, wheels or devices, or things are

licensed by law or not. Any place or device shall be considered as used for gaming or to gamble with or for betting or wagering, if any money or anything of value is bet thereon, or if the same is resorted to for the purpose of gaming or betting."

It will be noted that this article makes it an offense to keep premises for the purpose of being used as a place to bet or wager on certain specifically designated games. While it also contains general language which would seemingly indicate that it would be unlawful to keep premises to be used as a place to "bet or wager upon anything whatever," yet the perfectly natural assumption is that the offense was to consist in keeping premises to be used for the purpose of betting or wagering on games expressly prohibited by law. The Court of Criminal Appeals has so held in the recent case of Thomas v. State, 129 Texas Crim. Rep., 628, 91 S. W. (2d) 716, after a most careful consideration of the question. In that case it was held that under Article 625 defendant was not guilty of an offense by keeping a place for betting on horse races. In addition to other reasons set forth by the court it was held as follows, as indicated by the syllabus:

"Under rule of ejusdem generis, words 'or as a place where people resort to gamble, bet or wager upon anything whatever,' following prohibition of keeping place for betting, wagering, or gambling with cards, dice, or dominoes *held* to mean acts similar to those specifically mentioned and not to include betting on horse races, bookmaking and pool selling."

The reasoning of the court in that case leads to the inevitable conclusion that this article does not make it a criminal offense to keep premises for the purpose of dog racing, or where betting is allowed on dog races. It occurs to us that there is as strong or stronger reason for holding the article not applicable to dog racing as there is for holding it not applicable to horse racing, in view of the fact that the Legislature has in the past made it an offense to bet on horse races, or to be engaged in horse racing where betting was allowed, subject to certain exceptions, while as to dog racing the Legislature has never seen proper, so far as we are aware, to make it a criminal offense. Besides, it seems to us the reasoning of the Court of Criminal Appeals is sound, otherwise there would be the anomalous situation of a person being held guilty of a felony for keeping premises for the purpose of dog racing, or where betting was permitted on dog races, while these acts themselves are not in violation of the Penal Code.

■ It is the practice of this Court to follow the Court of Criminal Appeals in the matter of construing penal statutes, and its opinion in the Thomas case we think is clearly to the effect that keeping premises for dog races is not in violation of Article 625. In the precent case Chief Justice Bickett of the Court of Civil Appeals in a very able opinion reached this conclusion.

We fully recognize the proposition that the Legislature may create a common nuisance, and provide for its abatement by injunction, but, as shown above, Articles 4664 to 4666 do not make dog racing on premises such as are here involved a nuisance. We also recognize the proposition that the Legislature may provide for the suppression of certain offenses by injunction, even though such offenses be subject to a penalty under the criminal laws. But Article 4667 clearly contemplates that injunction is not contemplated except in aid of criminal statutes clearly defining and prohibiting gaming and designated games.

This Court is fully conscious of the pernicious and unwholesome effects upon society of betting on dog races, and keeping premises for dog racing where betting is allowed, regardless of the manner in which the wagering is done; but the proper agency for the suppression of these wrongs is the Legislature, and until it sees proper to further legislate in the matter, the courts are without power to suppress these evils by injunction.

We conclude that there is no statutory authority for an injunction in the matter of operating and conducting dog racing, or permitting betting and wagering thereon, upon the premises in question, and for this reason the judgment of the Court of Civil Appeals reversing and remanding the cause is affirmed, and the trial court is directed to dismiss the cause.

Opinion adopted by the Supreme Court October 28, 1936.

### ON MOTION FOR REHEARING.

In motion for rehearing we are called upon by plaintiff in error to hold that the clause in Article 4664 of the Revised Statutes, 1925, reading as follows, "or where persons resort for the purpose of gambling," should be construed to include any place where persons resort for betting or wagering upon "anything whatever," whether expressly prohibited by provisions of the Penal Code or not. In other words, we are called upon to say that the word "gambling" in said article should be given a general and comprehensive meaning, such as it

sometimes had at common law, and be made to include betting or wagering upon any matter or event involving an element of chance, and should not confine the meaning to betting upon some game or event "prohibited by law." We think the reasoning of the Court of Criminal Appeals in the case of Thomas v. State, 91 S. W. (2d) 716, construing almost identical language in Article 625 of the Penal Code, leads to a contrary view. We therefore hold that the premises sought to be declared to be a nuisance in this action was not constituted a nuisance because people resorted thereto for betting on dog races, in view of the fact that the Legislature has not defined betting on dog races as "gambling," and affixed a penalty for doing so.

The motion of the relator for rehearing is overruled.

Opinion adopted by the Supreme Court January 6, 1937.