

# THE ATTORNEY GENERAL
## OF TEXAS

**531**

PRICE DANIEL
ATTORNEY GENERAL

AUSTIN 11, TEXAS

July 16, 1952

Hon. Austin F. Anderson
Criminal District Attorney      Opinion No. V-1478
Bexar County
San Antonio 5, Texas            Re: Authority of the Com-
                                    missioners' Court of
                                    Bexar County to erect
                                    traffic control devices
Dear Sir:                           on county roads.

We refer to your request in which you ask:.

"Does the Commissioners Court of Bexar County, Texas have the authority to erect traffic control devices?"

We know of no law authorizing the Commissioners' Court of Bexar County to erect traffic control devices on county roads.

It was held in Attorney General's Opinion V-429 (1947) that the commissioners' court did not have authority to pass an order regulating traffic in the county, affixing a penalty for violation of such regulation.

The pertinent part of House Bill 458, Acts 52nd Leg., R.S. 1951, ch. 346, p. 589(Sec. 8 of Art. 827a, V.P.C.), is as follows:

"Subsection 2.  Authority of State Highway Commission to alter prima-facie speed limits. (a) Whenever the State Highway Commission shall determine upon the basis of an engineering and traffic investigation that any prima-facie speed hereinbefore set forth is greater or less than is reasonable or safe under the conditions found to exist at any intersection or other place or upon any part of a highway, taking into consideration the width and condition of the pavement and other circumstances on such portion of said highway, as well as the usual traffic thereon,

said State Highway Commission may determine and declare a reasonable and safe prima-facie speed limit thereat or thereon by proper order of the Commission entered on its Minutes, which shall be effective at all times or during hours of daylight or darkness, or at such other times as may be determined when appropriate signs giv-ving notice thereof are erected at such intersection or other place or part of high-way, except that said State Highway Commission shall not have the authority to modify or - alter the basic rule set forth in subsection 1 (a) nor to authorize by a Commission Min-ute speeds for any class of vehicle in ex-cess of the maximum values hereinbefore set forth for said class of vehicle in subsec-tion 1 (b), paragraphs (2), (3), and (4).

"(b) The authority of the State High-way Commission to alter prima-facie speed limits shall be restricted to highways, roads, or streets officially designated by the State Highway Commission as a part of the State Highway System and which are not within the limits of an incorporated city or town.

"Subsection 3. Authority of County Commissioners Courts and governing bodies of incorporated cities and towns to alter prima-facie speed limits. (a) The County Commissioners Court of any county with re-spect to county highways or roads outside the limits of right-of-way of any official-ly designated highway, road, or street of the State Highway System and outside the limits of an incorporated city or town shall have the same authority by Order of the Coun-ty Commissioners Court entered upon its re-cords to alter prima-facie speed limits upon the basis of an engineering and traffic in-vestigation as that delegated to the State Highway Commission with respect to any of-ficially designated highway, road, or street of the State Highway System."

House Bill 458 is a penal statute and penal statutes must be strictly construed. State ex rel. Shook v. all Texas Racing Ass'n. 128 Tex. 384, 97 S.W. 2d 669 (1936).

Hon. Austin F. Anderson, page 3 (V-1478)

Under this Bill the commissioners' court is authorized to regulate the speed on county roads outside the corporate limits of cities and towns. In other words it has the same power in the way of regulating speed on the county roads outside the corporate limits of cities and towns as the Highway Commission has in regulating speed on state highways. However, the Highway Commission does not derive its power from House Bill 458 (Sec. 8 of Art. 827a V.P.C.) to erect control devices on state highways. That power is given the Highway Commission under the provisions of Article 827e V.P.C. and Article 111 of the Uniform Traffic Code (Art. 6701d V.C.S.). We therefore agree with you that although House Bill 458 authorizes the Commissioners' Court to regulate the speed on county roads outside the corporate limits of cities and towns there is no authority for the Commissioners' court of Bexar County to erect control devices on County roads.

We believe that the above result is supported by the fact that the same Legislature in passing House Bill 207 Acts of the 52nd Leg. R. S. 1951 ch. 302 p. 483 (Art. 6701g V.C.S.) in addition to giving the Commissioners' Courts in counties having a population of 600,000 or more power to regulate speed on county roads, specifically authorized them to erect traffic control devices on county roads under their jurisdiction. This clearly indicates that the Legislature recognized that the power to erect traffic control devices did not exist in the commissioners' courts in such counties absent this provision. However since Bexar county has a population of only 500,460 according to the 1950 Federal census House Bill 207 has no application to it.

SUMMARY

House Bill 458 Acts of the 52nd Leg. R. S. 1951 ch. 346 p. 589 (Sec. 8 Art. 827a V.P.C.) authorizes the commissioners' court to regulate the speed on county roads outside the corporate limits of cities and towns. However, the Legislature has not authorized the commissioners' court of a county having a population of less than 600,000 inhabitants to erect traffic control devices on county roads.

Yours very truly,

APPROVED:

  PRICE DANIEL
Attorney General

J. C. Davis, Jr.
County Affairs Division

E. Jacobson
Reviewing Assistant

By *Bruce Allen*
    Bruce Allen
    Assistant

Charles D. Mathews
First Assistant

BA:am