**Philip J. LEHNHARD, Relator,**

v.

**Honorable David MOORE, District Judge,
Respondent.**

No. A–11035.

Supreme Court of Texas.

March 9, 1966.

Otto A. Ritter, Longview, for relator.

James H. Keahey, Austin, F. Wilbert Lasater, Tyler, Fred Erisman, Longview, for respondent.

POPE, Justice.

Relator, Philip J. Lehnhard, by this original mandamus action, seeks to vacate certain orders which the Honorable David Moore, Judge of the 124th Judicial District, made in connection with a deposition and subpoena duces tecum issued in accordance with Rule 202, Texas Rules of Civil Procedure. Lehnhard moved to quash the subpoena duces tecum and alternatively sought a protective order which would limit both the scope and public disclosure of the data subpoenaed. See Rules 177a and 186b. Judge Moore, after hearing, denied the motion to quash but ordered some restrictions on the data which Lehnhard would be required to produce. Lehnhard urges that Judge Moore's orders amount to a clear abuse of discretion for which a writ of mandamus may issue. Southern Bag & Burlap Co. v. Boyd, 120 Tex. 418, 38 S.W. 2d 565 (1931); Womack v. Berry, 156 Tex. 44, 291 S.W.2d 677 (1956). More specifically, he argues that the trial court abused its discretion because the documents sought by the subpoena duces tecum are not material to the main action and are confidential trade secrets which need not be disclosed and should be protected under Rule 186b, T.R.C.P. We deny the application for mandamus.

Relator, Lehnhard, is not a party to nor interested in the main action out of which the subpoena duces tecum issued. He is a disinterested expert possessed of recorded data which respondents say is the sole source of basic information that is material and necessary to the truthful development of the main action. Lehnhard is employed by and is Field Chairman for East Texas Engineering Association, hereinafter called Engineering. Engineering is a nonprofit, noncorporate association of certain producers of minerals in the East Texas Field. Engineering is not a party to the main action, and none of the parties to the main action are members of Engineering. This proceeding, therefore, does not concern the right of a party to obtain data from an adversary or his expert witness. Sachs v. Aluminum Co. of America, 167 F.2d 570 (6th Cir. 1948). It does not concern the right of a party to the work product of an attorney. Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947); 2A Barron & Holtzoff, Federal Practice & Procedure, §§ 652, 652.1, 652.2; 14 Stanford L.Rev. 455 (1961). It is not a proceeding in which the one seeking information calls upon the expert to perform additional research or spend time preparing himself for examination.

Respondents challenge the record that relator, Lehnhard, has filed and state that it is incomplete. Respondents insist that there was an earlier and similar hearing which Judge Moore could and did take into consideration. Relator, Lehnhard, denies that there was an earlier hearing, but he says that if there was one, it was conducted before a different judge. The court reporter's certificate to the record of the hearing on relator's motion to quash the subpoena is ambiguous.[1] The internal evidence from the statement of facts shows that there was some kind of prior hearing, and it indicates that relator Lehnhard testified at that hearing. This collateral argument is not significant, since, accepting the statement of facts upon which relator, Lehnhard, re-

---

1. "I, VIRGINIA SCOTT, official Court Reporter in and for the 124th District Court of Gregg County, Texas, do hereby certify that the foregoing pages of typewritten matter is a true and correct transcript of the portion of the hearing reported by me on September 10, 1965, in the foregoing entitled and numbered cause, as well as a true, correct and complete transcript of the testimony of the witnesses, Phillip J. Lehnhard and James H. Keahey, as well as copies of the documentary evidence introduced, remarks of the court and attorneys regarding the ruling on said Motion."

lies, we are unable to say that Judge Moore clearly abused his discretion, as Lehnhard contends.

By his first point, relator urges that Judge Moore abused his discretion in holding that the documents named in the subpoena duces tecum are material to the proof of the main action. Martha Barton King and husband instituted suit in Gregg County against East Texas Salt Water Disposal on February 5, 1965. They alleged that Salt Water Disposal since 1942 has collected and injected some half billion gallons of water into the Woodbine sands on the west of the East Texas Oil Field. This, they assert, has artificially displaced the oil in the reservoir by moving it toward the east, and all the wells on 390 acres of land that they leased are now nonproducing. They assert that twelve injection wells are located to the west and within three miles of the King wells and that Salt Water Disposal has gathered water from the north, south and east of their lands for injection into the water wells. For this trespass they claim damages.

The documents which the Kings designated in their subpoena duces tecum and which are in the possession of the relator, Lehnhard, are (1) nine designated reports entitled "Factual Analysis of Water Level Rise" as well as other reports which may have been prepared by Engineering since 1956, (2) lists of bottomhole pressures used in preparation of isobaric maps prepared annually since 1935, (3) a 1961 "Top-of-Sand Map," (4) a 1961 "Base-of-Sand Map," (5) East Texas Field Base Map, (6) eleven isobaric maps. Except for the fifth item which Lehnhard willingly produced, the reports, maps, and data are available from no other source except Lehnhard and Engineering. The information they have which respondents seek, is not only the best and most reliable that is available, it is the only source suggested by anyone. The Kings do not ask that Lehnhard perform future engineering services. The Kings have their own engineers. They contend that they need the basic information that is in the possession of Lehnhard without which their own engineers are unable to make their own studies, and form their own opinions. The documents will disclose facts about the thickness, pressure, fluctuations, and the position of oil and water in the reservoir. These facts are material to the subject matter of the main case and Judge Moore did not clearly abuse his discretion in so holding.

Relator's second point is that the maps and reports subpoenaed are secret processes, trade secrets, and developments of research, which need not be disclosed under Rule 186b.[2] Relator does not assert an absolute privilege such as exists between an attorney and client, husband and wife, or the privilege against self incrimination. He says that he has shown good cause under Rule 186b why he should not be required to disclose the data. Relator's employer,

---

2. "After notice is served for taking a deposition on written interrogatories or by oral examination, upon motion seasonably made by any party or by the person to be examined and upon notice and for good cause shown, the court in which the action is pending may make an order that the deposition shall not be taken, or that it may be taken only before the court or at some designated place other than that stated in the notice or subpoena, or that it may be taken only on written interrogatories, or that it may be taken only by oral examination, or that certain matters shall not be inquired into, or that the examination shall be held with no one present except the witness and his counsel and the parties to the action and their officers and counsel, or that the deposition shall not be taken by or before the officer having the commission, or that after being sealed the deposition shall be opened only by order of the court, or that secret processes, developments or research need not be disclosed, or that the parties shall simultaneously file specified documents or information enclosed in sealed envelopes to be opened as directed by the court; or the court may make any other order which justice requires to protect the party or witness from undue annoyance, embarrassment, oppression, or expense."

Engineering, from information supplied by its members over a span of many years, has assembled maps and reports about the East Texas reservoir which are for the exclusive use of its members. Engineering's bylaws prohibit disclosure to nonmembers and the Kings are nonmembers. Salt Water Disposal, the defendant in the King action, is also a nonmember.

As a general rule, every citizen has the testimonial duty to give a court of law the information he has. Wigmore justifies the rule upon the principle that "He who will live by society must let society live by him, when it requires to. * * * The pettiness and personality of the individual trial disappear when we reflect that our duty to bear testimony runs not to the parties in that present cause, but to the community at large and forever." 8 Wigmore, Evidence, § 2192, pp. 72, 73. Wigmore states, however, that trade secrets are entitled to protection and that courts probably require a disclosure only to the extent that it appears indispensable for the ascertainment of truth. The privilege, says Wigmore, should be sparingly permitted because " * * * no man is to be denied the enforcement of his rights merely because another possesses the facts without which the right cannot be ascertained and enforced." 8 Wigmore, Evidence, § 2212, pp. 156–157. In re Ebbets' Will, 155 Misc. 870, 280 N.Y.S. 710 (1935). 58 Am.Jur., Witnesses, § 29. The bylaws of Engineering, of themselves, do not excuse compliance with the subpoena. Mr. Justice Hand rejected the idea that one can create a privilege by an agreement of secrecy, saying, "[T]he very fact that testimonial privileges are based upon specified confidential relations, is proof that they do not extend to all, and it hardly needs to be said that nobody by contract, express or implied, can abridge public duties." McMann v. Securities and Exchange Commission, 87 F.2d 377, 109 A.L.R. 1445 (2d Cir. 1937). Wigmore on the same subject, says, "No pledge of privacy nor oath of secrecy can avail against demand for the truth in a court of justice." 8 Wigmore 528, Evidence, § 2286.

Rule 186a outlines a broad area for taking evidence on deposition. Rule 186b then provides for judicial limitations and protective orders. Relator, Lehnhard, is a disinterested expert, and he urges that he should not, against his will, be brought into the action and compelled to disclose information even though it is not otherwise available. The point was presented in Application of Consumers Union of United States, Inc., 27 F.R.D. 251, 253 (S.D.N.Y. 1961). The court held that a disinterested person should produce confidential letters about a product it had evaluated, saying:

"The fact that the petitioner is a nonprofit membership organization and desires to preserve the anonymity and confidence of its membership, particularly those who send letters of complaint about various marketed products, including those which Consumers Union has tested, does not exempt it from the duty 'which the citizen owes to his government * * * to support the administration of justice by attending its courts and giving his testimony whenever he is properly summoned.' Undoubtedly the duty so imposed at times involves material sacrifice, even invasion of personal privacy, and is carried out at great inconvenience, but this is part of the price we pay to secure the effective administration of justice. The Court, after considering the arguments advanced, finds no constitutional barrier or statutory privilege which, upon the facts here presented, requires that the subpoena be quashed."

In holding that trade secrets may in the court's discretion, be disclosed in a discovery proceedings, it was said in United States v. National Steel Corporation, 26 F.R.D. 603 (S.D.Tex.1960):

"One major objection of defendants remains. Defendants assert plaintiff

ought not inspect and thereby expose their trade secrets, particularly color processes unique to defendants. While it is true that 'privileged' matters are not open to discovery, secret trade processes are not so privileged. 2 Barron & Holtzoff, Federal Practice and Procedure, Sec. 798 (1950). It has been repeatedly held that a party has no absolute right to refuse information upon the sole basis that it involves disclosing trade secrets. Cities Service Oil Co. v. Celanese Corporation, D.C. D.Del.1950, 10 F.R.D. 458, 460. The disclosure of trade secrets rests in the court's discretion. Our problem is one of weighing the need for discovery against the desirability of maintenance of secrecy of processes. In my opinion the government's need for the information to be gotten by inspection outweighs defendants' secrecy requirements on these particular facts."

Summers v. State, 5 Tex.App. 365, 32 Am.Rep. 573 (1879) was recently cited with approval in State v. Biggers, 360 S.W.2d 516 (Tex.Sup.1962). In Summers a physician refused to testify without compensation on the grounds that his expert knowledge was his property. He had performed an autopsy on the body of his fatally wounded patient, but refused to divulge his findings on the grounds that his knowledge was obtained by professional skill which he considered his own property. The court said, "A medical expert could not be compelled to make a post-mortem examination unless paid for it; but an examination having already been made by him, he could be compelled to disclose the result of that examination." Accord: Swope v. State, 145 Kan. 928, 67 P.2d 416 (1937); Philler v. Waukesha County, 139 Wis. 211, 120 N.W. 829, 25 L.R.A.,N.S., 1040 (1909). See 29 Tex.L.Rev. 376. Since respondents proved that the facts they seek are material and necessary to their action and that they are unavailable from any other source, the Judge did not clearly abuse his discretion in ordering disclosure. Annotation, 17 A.L.R.2d 383.

Relator also asked Judge Moore to order certain protective measures authorized by Rule 186b. Judge Moore ordered respondents, Mr. and Mrs. King, to pay for the Base Map which relator willingly disclosed, and authorized relator to submit a bill for his expenses and time in taking the additional information from his files. He excused relator from producing most of the data. A grid map was in evidence before the trial judge. It showed that the East Texas Field is divided by Engineering into thirty-one geographic areas which are numbered from north to south. Judge Moore required relator, Lehnhard, to produce data bearing on only the six areas which are nearest the Kings' land, and which embraced the area of the injection wells about which the Kings complain. Judge Moore refused relator's request that the information be disclosed with only Lehnhard, the Kings and their counsel present and that the data be sealed with the court papers. We can not say that these orders were clearly an abuse of discretion. The record shows that the Kings already have a number of the items prepared by Lehnhard and Engineering. They have the 1965 report of the water level rise, many of the bottom-hole-pressure lists, and most of the isobaric maps. The well pressures are indicated on the isobaric maps but in such density that they are difficult to read. The Kings do not have the maps which show the top and bottom of the reservoir. The record shows that the attorney for the Kings displayed several of these items to the trial judge during the hearing on the motion to quash. The remaining reports and maps are essential to filling in factual gaps. Under these circumstances the trial judge did not clearly abuse his discretion in failing to order other protective measures.

Relator's prayer for mandamus is accordingly denied.

GRIFFIN and GREENHILL, JJ., dissent.