Lisa JONES, Appellant,

v.

The STATE of Texas, Appellee.

No. 13240.

Court of Civil Appeals of Texas, Austin.

March 25, 1981.

Ray Fisher, Fisher, Ashby & Morris, Austin, for appellant.

James L. McMurtry, County Atty., James N. Rader, Asst. County Atty., Austin, for appellee.

SHANNON, Justice.

This is an appeal from the judgment of the county court of Travis County temporarily committing appellant Lisa Jones to the Austin State Hospital for a period not to exceed sixty days. The county court concluded in its judgment that appellant was mentally ill and required "observation and/or treatment" in a mental hospital for her welfare and protection or the protection of others.

After the record was filed in this Court and before submission and oral argument of the cause, the Austin State Hospital discharged appellant. After submission and oral argument, this Court rendered judgment that the appeal was moot in view of appellant's discharge from the hospital. 599 S.W.2d 897 (Tex.Civ.App.1980). The Supreme Court reversed the judgment of this Court, concluding that the appeal from the order of commitment was not moot. *Jones v. State*, 608 S.W.2d 910 (Tex.1980).

Appellant attacks the judgment by one point of error claiming that the trial court erred in admitting the testimony of appellant's physician, William Porcher, over objection because such testimony was based upon communications and observations that were privileged. More specifically, appellant claims the physician's testimony was not admissible for the reason that she had not been notified that communications with the physician would not be privileged prior to Dr. Porcher's examination. Tex.Rev.Civ. Stat.Ann. art. 5561h, *et seq.* (Supp.1980–81).

Article 5561h provides, in general, that communications between a mental patient and a professional are confidential. *Salas v. State*, 592 S.W.2d 653 (Tex.Civ.App.1979, no writ). Nevertheless, limited disclosure of communications is permitted by § 4(a)(4) of the statute. Section 4(a)(4) provides as follows:

"... when the judge finds that the patient/client after having been previously informed that communications would not be privileged, has made communications to a professional in the course of a court-ordered examination relating to the patient's/client's mental or emotional condition or disorder, providing that such communications shall not be privileged only with respect to issues involving the patient's/client's mental or emotional health. On granting of the order, the court, in determining the extent to which any disclosure of all or any part of any communication is necessary, shall impose appropriate safeguards against unauthorized disclosure."

It is undisputed that Dr. Porcher did not inform appellant that her communications with him would not be privileged.

The State defends the judgment of commitment claiming that the physician's testimony was admissible since the proof was that appellant had been informed, pursuant to art. 5561h § 4(a)(4), that her communications with mental health professionals would not be privileged. In this connection, the State proved by Janet Townsend, an employee in the admissions office of the Austin State Hospital, that she notified appellant on February 11, 1980, when appellant was admitted to the hospital, that communications with mental health professionals during the patient's period of treatment at the hospital would not be privileged for the purpose of future proceedings. Appellant came under the care of Dr. Porcher later on the same day that she was admitted to the State Hospital, February 11, 1980. He treated appellant until the date of trial, February 25, 1980.

Appellant does not contend that she did not understand Janet Townsend's notification, or that she was incapable of understanding it. Neither does appellant contend that Townsend's notification was ambiguous or obscure. Instead, appellant claims that when Dr. Porcher examined her, he was also required to inform her, pursuant to art. 5561h § 4(a)(4), that her communications with him would not be privileged.

■ Appellant's point of error is overruled. Article 5561h § 4(a)(4) only requires that patients be informed that communications with mental health professionals are not privileged. The State proved that appellant was so notified upon admission into

the hospital. On that same day, she came under the care of Dr. Porcher. He cared for her until the hearing, two weeks later. The statute did not require, under these facts, that Dr. Porcher again notify appellant that her communications with him would not be privileged.

The judgment is affirmed.

Affirmed.