**In the Interest of G. K. H., A Juvenile.**

**No. 8912.**

Court of Appeals of Texas, Texarkana.

Sept. 22, 1981.

Guy N. Harrison, Mobley, Green, Harrison & Gardner, Longview, for appellant.

Virginia Malcolm, Asst. Dist. Atty., Longview, for appellee.

CORNELIUS, Chief Justice.

This proceeding was brought by the state pursuant to Tex.Fam.Code Ann. § 54.05 (Vernon 1975), seeking modification of a prior disposition order which placed G.K.H., a juvenile, on probation. It was alleged that the juvenile had committed delinquent conduct subsequent to the original disposition order, in that he had taken and used an automobile without the owner's consent. In a trial to the court, the trial judge admitted into evidence the testimony of Ms. Marilyn Mullinax to the effect that G.K.H. had admitted to her in a conversation that he took her automobile. Ms. Mullinax was the "parent coordinator" at the Palmer Drug Abuse Center where G.K.H. had been receiving counselling pursuant to the previous court order. On the basis of Ms. Mullinax's testimony the trial court modified the previous disposition order and committed G.K.H. to the Texas Youth Council.

The appeal presents one point of error: that the trial court erred in admitting the testimony of Ms. Mullinax because the juvenile's conversation with her was privileged under the provisions of Tex.Code Crim.Pro. Ann. art. 38.101 and Tex.Rev.Civ.Stat.Ann. art. 5561h[1]. The point will be overruled.

The trial court correctly admitted the testimony of Ms. Mullinax. Article 38.101 of the Code of Criminal Procedure is not applicable to the situation involved here for the reason that G.K.H. did not voluntarily submit himself for treatment or counselling at the Palmer Drug Abuse Program. He was ordered to receive counselling there by the previous court disposition order. Article 5561h also does not apply. Ms. Mullinax was not a professional as defined in that statute and there is no evidence that the juvenile believed that she was. She was a "parent coordinator" who worked with the parents of the youth, and her colloquy with G.K.H. was not in connection with any treatment or counselling, but was merely a casual conversation.

The judgment is affirmed.

1. "Art. 38.101. Communications by drug abusers

"A communication to any person involved in the treatment or examination of drug abusers by a person being treated voluntarily or being examined for admission to voluntary treatment for drug abuse is not admissible. However, information derived from the treatment or examination of drug abusers may be used for statistical and research purposes if the names of the patients are not revealed."

"Art. 5561h. Confidentiality of mental health information of individual

"Section 1. (a) 'Professional' means any person authorized to practice medicine in any state or nation, or any person licensed or certified by the State of Texas in the diagnosis, evaluation, or treatment of any mental or emotional condition or disorder, or reasonably believed by the patient/client so to be.

"Sec. 2. (a) Communication between a patient/client and a professional is confidential and shall not be disclosed except as provided in Section 4 of this Act."