Lois Marie GILLESPIE, Appellant,

v.

Kenneth GILLESPIE, Appellee.

No. 09 81 008 CV.

Court of Appeals of Texas, Beaumont.

April 1, 1982.
Rehearing Denied April 22, 1982.

Robert P. Walker, Port Arthur, for appellant.

James Sparks, Jr., Beaumont, for appellee.

DIES, Chief Justice.

The sole question involved in this divorce case is whether the physician's findings concerning treatment for alcoholism, as contained in hospital records, were admissible in evidence. Husband (appellee) filed suit for divorce, division of community property, and custody of a minor. At the trial, he

introduced hospital records showing his wife (appellant) had received treatment for alcoholism, to which wife (appellant) objected. These records were admitted in evidence, which brings this appeal from wife.

*Tex.Rev.Civ.Stat.Ann. art. 5561h, § 2* (Supp.1982) provides:

"(a) Communication between a patient/client and a professional * is confidential and shall not be disclosed except as provided in Section 4 of this Act.

"(b) Records of the identity, diagnosis, evaluation, or treatment of a patient/client which are created or maintained by a professional are confidential, and shall not be disclosed except as provided in Section 4 of this Act. . . ." etc.

*Section 1(b)* of the statute specifically includes alcoholism, and none of the exceptions detailed in *Section 4* apply to this case. There have been no cases construing this statute to the custody of a minor situation; but this statute is clear, and we must construe it as written. See *Government Personnel Mutual Life Insurance Co. v. Wear,* 151 Tex. 454, 251 S.W.2d 525 (1952); *Calvert v. Electro-Science Investors, Inc.,* 509 S.W.2d 700 (Tex.Civ.App.—Austin 1974, no writ); *Salas v. State,* 592 S.W.2d 653, 656 (Tex.Civ.App.—Austin 1979, no writ). The court erred in admitting these medical records. Appellant's sole point of error is sustained, and this case is reversed and remanded for a new trial.

REVERSED and REMANDED.

KEITH, Justice, dissenting.

There are many reasons why I disagree with the majority opinion in this case, and I mention only a few in this dissent. A few sentences will serve to highlight the undisputed facts before us.

In the bench trial of a divorce suit, the only contested issue was which parent would be named managing conservator of the three and one-half year old girl born to the marriage. The mother, by her own

admissions, was an alcoholic and had received treatment therefor in hospitals upon several occasions. Throughout the long pendency of the divorce proceedings, during part of which time the mother was undergoing treatment for alcoholism, the father had custody of the child under temporary orders of the trial court.

The decree named the father managing conservator of the child but provided liberal visitation privileges to the mother.

On appeal, the mother does not contend that there has been an abuse of discretion or that the evidence was either legally or factually insufficient to support the order. Instead, the sole challenge is that the trial court erred in admitting *hospital* records because there was reference in such records to her treatment for alcoholism. I point to but a few of the many grounds upon which I dissent.

1. The majority does not mention, much less address the paramount issue in any child custody case: the best interest of the child. I had thought that this had been the law in Texas, at least since 1858. *Rice v. Rice,* 21 Tex. 58, 67 (1858). See also, *Mumma v. Aguirre,* 364 S.W.2d 220, 221 (Tex. 1963); *Hendricks v. Curry,* 401 S.W.2d 796, 802 (Tex.1966); *Armstrong v. Armstrong,* 601 S.W.2d 724, 725–726 (Tex.Civ.App.—Beaumont 1980, writ ref'd n. r. e.). *Tex. Family Code Ann. § 14.07(a) (1975).* Indeed, Vernon uses more than eight inches of space to list in fine print a few of the cases so holding. The record shows that the trial court considered this vital issue.

2. Nor does the majority mention another rule equally well established, and articulated recently in *Fettig v. Fettig,* 619 S.W.2d 262, 267 (Tex.Civ.App.—Tyler 1981, no writ):

"In determining what is best for the children in a custody proceeding, the trial court's judgment will not be disturbed by an appellate court unless there has been a clear abuse of discretion. *Herrera v. Herrera,* 409 S.W.2d 395, 396 and 399

---

* These records contain many such communications to a "professional" defined in *Section 1* of the statute.

(Tex.1966); *Mumma v. Aguirre*, 364 S.W.2d 220, 223 (Tex.1963)."

See also, *Lott v. Lott*, 605 S.W.2d 665, 669 (Tex.Civ.App.—Dallas 1980, writ dism'd).

3. Assuming it was error to admit the hospital records, which I dispute and will discuss later, the majority makes no mention of the requirement that the determination of whether such error as ground for reversal is a judgment call requiring the court to review the entire record in the case. *Gomez Leon v. State*, 426 S.W.2d 562, 565 (Tex.1968). There is no determination by the majority that the inadmissible testimony (it if was inadmissible) probably caused the rendition of an improper judgment. *King v. Skelly*, 452 S.W.2d 691, 696 (Tex.1970).

4. Another rule of general application has been ignored. It was stated in *Merrell v. Merrell*, 527 S.W.2d 250, 254 (Tex.Civ.App.—Tyler 1975, writ ref'd n. r. e.):

"In a trial before the court the admission of incompetent evidence will not generally require a reversal of the judgment when there was competent evidence to authorize its rendition, and it will ordinarily be assumed that the trial court disregarded such evidence." (citations omitted)

See also, *Smith v. Smith*, 620 S.W.2d 619, 624 (Tex.Civ.App.—Dallas 1981, no writ).

5. I now reach the specific, but narrow ground upon which the majority opinion relies for reversal—the alleged violation of *Tex.Rev.Civ.Stat.Ann. Art. 5561h, Sec. 2 (Supp.1982)*, and I first address the record which we review. The material relating to the mother's treatment for alcoholism did *not* come from the records of a "professional" as defined in *Art. 5561h, Sec. 1(a)*; indeed, no professional testified and no rec-

ords identified as such were offered or admitted.

Instead, we have hospital records, properly identified and tendered under *Art. 3737e, Tex.Rev.Civ.Stat.Ann. (Supp.1982)*, which are generally considered to be admissible. See, e.g., *Skillern & Sons, Inc. v. Rosen*, 359 S.W.2d 298 (Tex.1962), and *Loper v. Andrews*, 404 S.W.2d 300 (Tex.1966), and the myriad of cases following the teachings of the two cited cases.[1]

The records now forming the basis of the reversal were introduced upon stipulation and proof that the documents constituted hospital records offered by the custodians. There is no showing that such records were "created or maintained by a professional", the only records which are mentioned in the statute, *Art. 5561h, Sec. 2(b)*. See generally, *Ex parte Abell*, 613 S.W.2d 255, 258–259 (Tex.1981). Only the records of a *professional* so described in *Section 1(a)*[2] are protected by the confidentiality provisions of *Section 2*.

Since hospital records admissible under *Art. 3737e* are involved and there is no showing that the records are those of a "professional", the provisions of *Art. 5561h, Sec. 4*, relating to confidentiality, were not pertinent to the inquiry. For a discussion of the privilege and those within the reach of the confidentiality provisions of the statute, see Comment, "The Psychotherapist-Patient Privilege in Texas", *18 Houston L. Rev. 137, 143 (1980)*. The trial court did not err in admitting such records.

I find no abuse of discretion on the part of the trial judge, nor do I find error in an order refusing to find that it was to the best interest of a young child to place her in the custody of a parent who has the problems shown in this record. I would affirm

---

1. The mother's counsel objected to the admission of the hospital records "under Article 5561h the confidentiality and they contain confidential information with respect to treatment because of a mental condition and emotional condition or disorders including alcoholism and drug addiction."

2. *Section 1(a)* reads: " 'Professional' means any person authorized to practice medicine in any state or nation, or any person licensed or

certified by the State of Texas in the diagnosis, evaluation, or treatment of any mental or emotional condition or disorder, or reasonably believed by the patient/client so to be."

Only by reference to the succeeding *subsection (b)* do we learn that the "patient/client" mentioned in *subsection (a)* is one who has a mental or emotional condition or disorder, "including alcoholism and other drug addiction."

the judgment below and dissent from a reversal where it appears that the record was fully developed and a correct decision was reached.