Henry WADE, District Attorney and the State of Texas, Appellants,

v.

John Howard ABDNOR, Appellee.

No. 21034.

Court of Appeals of Texas, Dallas.

July 1, 1982.

Ronald D. Hinds, Asst. Dist. Atty., Royal H. Brin, Jr., Strasburger & Price, Dallas, for appellants.

G. H. Kelsoe, Jr., Paula A. Haddock, Dallas, for appellee.

Before AKIN, VANCE and WHITHAM, JJ.

VANCE, Justice.

Appellants, Henry Wade, Criminal District Attorney of Dallas County, Texas and the State of Texas appeal from the grant of a permanent injunction prohibiting the appellants and their agents from "seeking" the disclosure of confidential mental health information with respect to appellee, John Howard Abdnor. We dissolve the injunction as it applies to appellants because the prohibition against "seeking" exceeds the authority of the provisions of the statute upon which the injunction was based. Tex. Rev.Civ.Stat.Ann. art. 5561h (Vernon Supp. 1982). Accordingly, the judgment granting the injunction is reversed and rendered.

Abdnor was indicted for murder of a nurse working in the mental and emotional disorders section of Baylor University Medical Center. Abdnor had become a personal friend of the nurse while hospitalized in that section at Baylor. The relationship continued after his discharge until the time of her death. As part of appellants' investigation of the alleged murder, interviews were conducted with various employees who had known the decedent and who could possibly provide information, with regard to the relationship between appellant and decedent which would be admissible in the criminal prosecution under the provisions of Tex.Penal Code Ann. § 19.06 (Vernon 1974).

A suit was brought on behalf of Abdnor prior to his criminal trial to enjoin Henry Wade, Baylor University Medical Center and their employees and agents, from "seeking", "obtaining", "permitting the disclosure" or "disclosing" any information regarding the psychiatric diagnosis, evaluation, and treatment of Abdnor. After an extensive hearing an order was entered

granting a permanent injunction from which this appeal was taken.[1]

■ The injunction could only have been based on the recently enacted psychotherapist-patient privilege granted by Article 5561h, as Texas has never before recognized any form of doctor-patient privilege. *Granviel v. State*, 552 S.W.2d 107 (Tex.Cr.App. 1976) *cert. denied*, 431 U.S. 933, 97 S.Ct. 2642, 53 L.Ed.2d 250 (1977). The issuance of an injunction is authorized by Sec. 5 of the Act:

> A person aggrieved by a violation of this Act may petition the district court of the county in which the person resides, or in the case of a nonresident of the state, the district court of Travis County, for appropriate injunctive relief, and the petition takes precedence over all civil matters on the docket of the court except those matters to which equal precedence on the docket is granted by law. A person ag-

grieved by a violation of this Act may prove a cause of action for civil damages.

The privileges created by this statute, like other privileges, keep out otherwise competent information in order to protect other societal interests or relationships. C. McCormick, Law of Evidence §§ 72, 74 (2d ed. E. Clearly 1972); McCormick, The Scope of Privileges in the Law of Evidence, 16 Tex.L.Rev. 447, 447–48 (1938). The Texas Legislature has reconciled the competing interest of full disclosure in favor of protecting and fostering this confidential professional relationship. *See* Green, The Psychotherapist-Patient Privilege in Texas, 18 Hous.L.Rev. 137 (1980). The enactment should, nevertheless, be strictly construed because it is a deviation from common law, *Clark v. Grigson*, 579 S.W.2d 263 (Tex.Civ. App.—Dallas 1978), and because of the limitation it places on disclosure in judicial proceedings. *Lehnhard v. Moore*, 401 S.W.2d 232, 235 (Tex.1966).

---

1. The injunction forbade the following:

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the Clerk of this Court shall issue a Permanent Injunction restraining and enjoining Henry Wade, District Attorney of Dallas County, Texas, his agents, servants, employees and persons in active concert with him, in each of the following particulars, to-wit:

(1) Henry Wade, District Attorney of Dallas County, his agents, servants, employees and all persons in active concert with him, are hereby restrained and enjoined from *seeking* any information which would concern the identity, diagnosis, evaluation, treatment, confidential communications and/or observations of John Howard Abdnor's mental or emotional condition from any agents, servants, or employees of Baylor University Medical Center; and

(2) Henry Wade, District Attorney of Dallas County, *his agents, servants, employees and* all persons in active concert with him, are hereby restrained and enjoined from seeking any information which would concern the identity, diagnosis, evaluation, treatment, confidential communications and/or observations of John Abdnor's mental or emotional condition from any physician, nurse, nurse's aide, or any agent, servant and/or employee or any health care facility, which has treated or participated in the treatment of John Howard Abdnor for any mental disease, illness or emotional condition, including but not limited to Baylor University Medical Center, Timberlawn Hospital, Beverly Hills Sanitarium,

Chester Clinic and Hospital and St. Joseph Hospital, Ft. Worth, Texas; and

(3) Henry Wade, District Attorney of Dallas County, his agents, servants, employees and all persons in active concert with him are hereby restrained and enjoined from preparing, urging, filing or communicating any position or contention before any court or the judge of any court of this State which would directly or indirectly be reasonably calculated to *seek or permit the disclosure* of any information concerning John Howard Abdnor which is the subject of this Order.

(4) Henry Wade, District Attorney of Dallas County, his agents, servants, employees and all persons in active concert with him, are hereby restrained and enjoined and shall make *no effort to obtain any information* concerning the mental condition, emotional condition or psychiatric condition of John Howard Abdnor from any source which provides or provided health care services within the State of Texas.

\* \* \* \* \* \*

IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED that the Clerk of this Court shall issue a permanent injunction restraining and enjoining Baylor University Medical Center, its agents, servants, employees and all persons in active concert with it, from *releasing, disclosing, or discussing* any information concerning the identity, diagnosis, evaluation, treatment, confidential communications and/or observations of John Howard Abdnor's mental or emotional condition. (Emphasis supplied).

The statute prohibits only the "disclosure" of information and makes no reference nor authorization for prohibiting the "seeking" of information. Art. 5561h provides in part:

Sec. 2. (a) Communication between a patient/client and a professional is confidential and *shall not be disclosed* ....

(b) Records of the identity, diagnosis, evaluation, or treatment of a patient/client which are created or maintained by a professional are confidential and *shall not be disclosed except* ....
(Emphasis supplied)

The only situations which may be enjoined are those which fall within the provisions of the statute upon which the application for an injunction is based.[2] *Benton v. City of Houston*, 605 S.W.2d 679, 682 (Tex.Civ.App.—Houston [1st Dist.] 1980, no writ); *State ex rel. Shook v. All Texas Racing Ass'n*, 128 Tex. 384, 97 S.W.2d 669, 670 (1936). We hold that the plain language of the statute will not support enjoining third-parties from "seeking" information.

All reported applications of this article have involved actions against a party who has disclosed privileged information or has invoked the privilege in refusing to disclose it. *Gillespie v. Gillespie*, 631 S.W.2d 592 (Tex.App.—Beaumont, 1982); *In the Interest of G.K.H.*, 623 S.W.2d 447 (Tex.App.—Texarkana, 1981); *C.V. v. State*, 616 S.W.2d 441, 442 (Tex.App.—Houston [14th Dist.] 1981, no writ); *Jones v. State*, 613 S.W.2d 570 (Tex.App.—Austin 1981, no writ); *Ex parte Abell*, 613 S.W.2d 255 (Tex.1981); *Ex parte Watson*, 606 S.W.2d 902 (Tex.Cr.App. 1980) (En banc); and *Sales v. State*, 592 S.W.2d 653 (Tex.Civ.App.—Austin, 1979, no writ).

The party in possession of the confidential information, Baylor University Medical Center, was named in the injunction but chose not to appeal; therefore, our concern is only with the restraint placed on the appellants. We hold that the trial court erred in exceeding the authority granted by the provisions of 5561h in enjoining the "seeking" of information by the appellant. We reform the injunction removing any application to appellants, Henry Wade or the State of Texas.

AKIN, Justice, concurring.

Although I concur with the result reached by the majority, I would hold that Tex.Rev.Civ.Stat.Ann. art. 5561h (Vernon Supp. 1982) was not intended by the legislature to apply to a situation where a defendant in a criminal case had asserted his lack of mental capacity to stand trial and had asserted insanity as a defense to murder. *See Smith v. Smith*, 519 S.W.2d 152, 153 (Tex.Civ.App.—Dallas 1974, writ ref'd). It can hardly be argued that the legislature intended this statute to apply in a situation such as here where the criminal district attorney is charged with the responsibility of prosecuting those, such as Abdnor, with violation of the state criminal statutes. The legislative policy of prosecuting criminals overrides the physician-patient privilege granted in this statute. In my view, this statute was not enacted by the legislature to protect alleged criminals and to restrict the district attorney's staff in seeking information to refute allegations by the criminal defendant of "not guilty due to insanity." In such a situation, in my view, this statute has no application.

Indeed, to hold, as Abdnor would have us do, would severely hamper the district attorney in determining whether Abdnor was competent to stand trial or whether he was not guilty by reason of insanity. Accordingly, I concur in the result reached but not in its rationale.

2. Abdnor's original petition alleged that:
[B]y virtue of the foregoing relationship, John Howard Abdnor as a patient/client was entitled to protection and confidentiality in all aspects of the Treatment process under *Article 5561(h)*.... In addition, Plaintiff would show that he has a constitutionally protected right of privacy in the treatment process which is co-extensive with and exceeds the protection created by Article 5561(h).
In view of *Granviel v. State, supra*, Texas has refused to recognize Abdnor's second grounds for issuing the injunction, therefore, the injunction could only have been issued under Article 5561(h).