Shields 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00182-CV







Robert Harry Shields, Appellant



v.



State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT


NO. 94-01036, HONORABLE W. JEANNE MEURER, JUDGE PRESIDING







 The State of Texas recovered judgment against Robert Harry Shields after a trial without
a jury. The judgment permanently enjoins Shields from certain conduct relating to securities and imposes
upon him money judgments in favor of eighteen defrauded individuals. (1) We will reverse the trial-court
judgment and remand the cause to the trial court.



JURISDICTION


 In a reply point, the State contends we have no jurisdiction to decide Shields' appeal
because he failed timely to perfect the appeal. The State reasons as follows: the judgment is silent as to
the ground upon which it rests; it might therefore rest upon the State's action in the nature of a quo
warranto; and Shields failed to perfect his appeal within the shortened period of twenty days allowed for
such actions by Tex. R. Civ. P. 42(a)(3). We reject the theory.

 Actions in the nature of a quo warranto originated in the common law but are now
governed by the statutory provisions found in sections 66.001-.003 of the Texas Civil Practice and
Remedies Code. Tex. Civ. Prac. & Rem. Code § 66.001-.003 (West 1986 & Supp. 1995); see State
ex rel. Jensen v. Owens, 63 Tex. 261, 270 (1885). In such actions, the district court may render only the
judgments authorized by the relevant statutes. Cole v. State ex rel. Cobolini, 163 S.W. 353 (Tex. Civ.
App.--San Antonio), writ dism'd, 170 S.W. 1036 (Tex. 1914). Assuming Shields occupied an "office"
or held a "franchise" within the meaning of section 66.001, neither injunctive relief nor the recovery of
money damages is a judgment

 


 The State's statutory authority under article 581-32 to sue for restitution, on behalf of a fraud victim,
does not refer to a victim's common law cause of action for restitution. The State's authority refers instead
to the victim's statutory cause of action for restitution--a cause of action authorized and delimited in article
581-33. See Act, art. 581-33. One of the qualifications placed upon such causes of action is that they
must be brought within the time period prescribed in section H of article 581-33. The qualification is not
a "statute of limitations." It is, instead a component element of the statutory cause of action itself: the right
of action expires unless a cause of action is brought thereon within the time specified. See State of
California v. Copus, 309 S.W.2d 227, 231 (Tex. 1958); Bear v. Donna Indep. Sch. Dist., 85 S.W.2d
797, 799 (Tex. Civ. App.--San Antonio 1935, writ dism'd); see also 54 C.J.S. Limitations of Actions
§ 4.


 The State's petition also rested its claim for a permanent injunction upon a plea in the nature of a quo
warranto. See Tex. Civ. Prac. & Rem. Code, §§ 66.001-.003 (West 1986 & Supp. 1995). In such
actions, the trial court may fine or remove from an "office" or a "franchise" a defendant found guilty of an
act or omission specified in section 66.001. Id. § 66.003(1),(3).

authorized for such actions in section 66.003. (2) Moreover, the State's allegations amount to a contention
that Shields' conduct constituted an abuse of this "office" or "franchise" (presumably as a licensed securities
broker) by unlawful acts. Such allegations will not support a judgment in an action under section 66.001. 
See State ex. rel Philips v. Trent Indep. Sch. Dist., 141 S.W.2d 438, 440 (Tex. Civ. App.--Eastland
1940, writ ref'd). As a matter of law, the record demonstrates that the trial-court judgment cannot rest
upon the State's pleaded action in the nature of a quo warranto. 

 We therefore overrule the State's reply point and its motion to dismiss Shields' appeal. The
appeal was governed by Tex. R. App. P. 41(a)(1) with which Shields complied, and not Tex. R. App.
41(a)(3).



SCOPE OF THE INJUNCTION


 In Shields' point of error two, he contends the injunction exceeds the scope authorized by
article 581-32 of the Act.

 Article 581-32 authorizes injunctions against persons who participate materially in
fraudulent activity amounting to a violation of the Act, restraining their "continuing such fraudulent practices
or engaging therein or doing any act or acts in furtherance thereof or in violation of" the terms of the Act. 
See Act 581-32(A) (emphasis added). Conduct outside that designated in the statute may not be
restrained in an action under article 581-32, section A. See State ex rel. Shook v. All Texas Racing
Ass'n, 97 S.W.2d 669, 670 (Tex. 1936); Wade v. Abdnor, 635 S.W.2d 937, 939 (Tex. App.--Dallas
1982, writ dism'd); Benton v. City of Houston, 605 S.W.2d 679, 682 (Tex. Civ. App.--Houston [1st.
Dist.] 1980, no writ). 

 In the State's action under article 581-32, section A, the State alleged and the trial court
found that Shields committed fraudulent acts by misrepresenting facts relevant to investments, making
promises and predictions that were not honest or in good faith, and intentionally failing to disclose material
facts to investors--all violations of the Act. The injunction order restrains Shields from future violations
of that character but goes further to restrain his selling, brokering, or dealing in securities in any manner,
without reference to fraud or the terms of the Act. (3) The terms of article 581-32 do not authorize an
injunction of that scope. We hold in consequence that issuance of the injunction, insofar as it restrains acts
that are not fraudulent or a violation of the Act, constituted an abuse of discretion. See Davis v. Huey, 571
S.W.2d 859, 861-862 (Tex. 1978); Landon v. Jean-Paul Budinger, 724 S.W.2d 931, 935 (Tex.
App.--Austin 1987, no writ).

 The State suggests the scope of the injunction is authorized by article 531-3 of the Act. 
That statute entrusts administration of the Act to the Securities Commissioner and requires that office "and
the Attorney General" to see that its provision are at all time obeyed and to take such measures and to
make such investigations as will prevent or detect the violation of any provision thereof." See Act art. 581-3. We hold the State's interpretation is not a reasonable construction of the statutory language. That
interpretation turns the statute on its head because it would authorize the two public officers to misapply
the terms of article 581-32--a statute that article 581-3 instructs them to enforce.

 We therefore sustain Shields' second point of error complaining on the scope of the
permanent injunction and reverse the trial-court judgment. We need not discuss Shields' remaining points
of error for none of them demonstrate reversible error upon which we may, as a matter of law, render
judgment on appeal. We remand the cause to the trial court.



 John Powers, Justice

Before Justices Powers, Aboussie and Jones

Reversed and Remanded

Filed: October 23, 1996 

Publish
1.   The cause was tried on the allegations contained in the State's third amended original
petition, averring two causes of action authorized by article 581-32 of the Texas Securities
Act. Tex. Rev. Civ. Stat. Ann. art. 581-1, et seq. (West 1967 & Supp. 1995) (the "Act"). 
Section A of article 581-32 authorizes the State to sue for permanent injunction "in the name
and on behalf of the State" to restrain unlawful acts relating to securities. Section B
authorizes the Attorney General to sue in an action under Section A "or in a separate action
[to] seek restitution for a victim of fraudulent practices" relating to securities. See Act, art.
581-32 (A), (B).
2.   Section 66.003 provides that the court, upon a finding of guilty:


(1) shall enter judgment removing the person from the office or franchise;


(2) shall enter judgment for the costs of prosecution in favor of the relator; and


(3) may fine the person for usurping, intruding into, or unlawfully holding and
executing the office or franchise.


Tex. Civ. Prac. & Rem. Code Ann. § 66.003 (West 1986).
3.   The injunction permanently enjoins Shields from directly or indirectly engaging in the
following conduct:


A. Selling or offering for sale any security . . . within or from this State.


B. Acting as a dealer, broker or salesman of securities in Texas.


 . . . . 


D. . . . [I]ssuing, selling or offering for sale and dealing in securities in or from
the State of Texas in any manner regardless or whether the securities or the
sale of securities would be exempt from registration . . . [under] The
Securities Act and/or the regulations [thereunder].



cter but goes further to restrain his selling, brokering, or dealing in securities in any manner,
without reference to fraud or the terms of the Act. (3) The terms of article 581-32 do not authorize an
injunction of that scope. We hold in consequence that issuance of the injunction, insofar as it restrains acts
that are not fraudulent or a violation of the Act, constituted an abuse of discretion. See Davis v. Huey, 571
S.W.2d 859, 861-862 (Tex. 1978); Landon v. Jean-Paul Budinger, 724 S.W.2d 931, 935 (Tex.
App.--Austin 1987, no writ).

 The State suggests the scope of the injunction is authorized by article 531-3 of the Act. 
That statute entrusts administration of the Act to the Securities Commissioner and requires that office "and
the Attorney General" to see that its provision are at all time obeyed and to take such measures and to
make such investigations as will prevent or detect the violation of any provision thereof." See Act art. 581-3. We hold the State's interpretation is not a reasonable construction of the statutory language. That
interpretation turns the statute on its head because it would authorize the two public officers to misapply
the terms of article 581-32--a statute that article 581-3 instructs them to enforce.

 We therefore sustain Shields' second point of error complaining on the scope of the
permanent injunction and reverse the trial-court judgment. We need not discuss Shields' remaining points
of error for none of them demonstrate reversible error upon which we may, as a matter of law, render
judgment on appeal. We remand the cause to the trial court.